70 So.2d 371 (1953)
FORBES
v.
BABEL.
Supreme Court of Florida. Division A.
November 24, 1953.
Rehearing Denied December 11, 1953.
*372 James R. Cooper, Henry L. Oppenborn and Paul C. Ropes, Miami, for appellant.
Amos Benjamin, Miami, and Caldwell, Parker, Foster & Wigginton, Tallahassee, for appellee.
TERRELL, Justice.
This appeal is from a decree requiring specific performance of a contract to convey certain lands in Dade County. The contract designated a "Deposit Receipt" was entered into between appellant and appellee and was made a part of the bill of complaint. Appellant has argued six questions but when crystallized they resolve into two points, viz. (1) Was the contract of sale enforceable in a court of equity? (2) Is the following provision of the contract binding on both parties or may it be waived at the option of the seller?
"It is mutually agreed that this transaction shall be closed and the purchaser shall pay the balance of the first payment and execute all papers necessary to be executed by him for the completion of his purchase within 30 days from the delivery of the aforementioned abstract; otherwise the herein named Escrow Agent is hereby directed by both seller and purchaser to divide the moneys being held by said Escrow Agent between the seller and broker herein named as hereafter provided. It is further agreed that in the event of such procedure the Escrow Agent is relieved from any and all further liability. It is further agreed that in case this transaction is not completed due to any default or failure on the part of the purchaser, the said purchaser shall in that event become liable to the broker for brokerage commission as hereinafter provided. It is further agreed that in case of default by the purchaser, the seller may at his option take legal action to enforce this contract, in which event the purchaser shall pay reasonable attorney fees and court costs; or else the seller may at his option retain one-half of the deposit herein paid as consideration for the release of the purchaser by the seller from any and all further obligations under this contract to the seller, which release shall be implied from such act of retention by the seller.
"Time shall be the essence and this contract shall be binding on both parties, their heirs, * * *".
We think the contract deposit receipt to sell contained every essential element to an enforceable contract, the land was sufficiently described, the price was certain, or could be made so, and it is shown that the plaintiff was at all times ready, able, and willing to perform. In this holding we do not overlook the contention of the vendor as to who was required to furnish the survey, the designation of parties, the terms of sale and the amount of acreage, but we do not think there is any substance whatever to this contention.
The vendor contends that this provision of the contract became null and void because the purchaser failed to complete the contract in 30 days from delivery of the abstract. The law is well settled that the vendor cannot take advantage of a delay in performance which he condoned or was a party to. This is true when time is the essence of the contract. The evidence shows that there was no attempt at any time to cancel or close the contract, though there was discussion between the parties about closing it several times. Waiver of performance was shown and no definite time was set for closing. There is no excuse given whatever for refusal to go through with the contract though the plaintiff was ready, able and willing to do so.
These two questions contain the gist of this controversy. The other questions deal *373 with hypotheses, assumptions and presumptions that do not appear to be present in the case. For better discussion of such questions, their impropriety and the burden they impose on this Court, see Kneale v. Kneale, Fla., 67 So.2d 233.
The petition for rehearing is granted, the opinion is corrected, our judgment of October 27, 1953 is adhered to and this opinion is substituted for the said judgment and opinion.
Affirmed on rehearing.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.