HENDRY, Judge.
This is an interlocutory appeal, brought by the defendant, from an adverse summary judgment entered in favor of the plaintiffs on the issue of liability.
The plaintiffs’ complaint was for damages resulting from personal injuries sustained by the minor plaintiff, a thirteen year old girl, while she was being allowed by the defendant to operate defendant’s power lawn mower.
The defendant’s answer denied the material allegations of the complaint and by way of affirmative defense charged that the minor plaintiff was guilty of contributory negligence.
Interrogatories were propounded and answered. Depositions were also taken. Plaintiffs moved for summary judgment on the issue of liability and defendant filed her affidavit with photographs of the mower attached. A hearing was held on the motion which resulted in the entry of an order granting summary judgment for the plaintiffs on the issue of liability.
The determinative point on appeal is whether the trial court erred in granting plaintiffs a summary judgment on the issue of liability. We1 find error and reverse.
*753 It is our view that the plaintiffs did not carry their burden of showing conclusively that there were no material issues of fact to be tried. Tompkins v. Rosenberg, Fla.App.1967, 194 So.2d 688. It appears to us, from our review of the record, that there are genuine issues of fact such as: (1) whether the power lawn mower blade was more or less than twenty-four inches long. If it were less than twenty-four inches long then there would be no violation of the provisions of the child labor laws, § 450.061(1) (a) Fla.Stat. F.S.A.; (2) whether the plaintiff was guilty of contributory negligence. E. g., Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366.
For the reasons stated, the order granting summary judgment on the issue of liability is reversed.