295 So.2d 686 (1974)
Mary Q. STRINGFELLOW and Sally A. Stringfellow, Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY et al., Appellees.
No. 73-968.
District Court of Appeal of Florida, Second District.
June 5, 1974.
*687 James C. Hadaway, Fowler, White, Gillen, Kinney, Boggs & Villareal, St. Petersburg, for appellants.
H. Shelton Philips, Kaleel & Kaleel, St. Petersburg, for appellees.
BOARDMAN, Judge.
The plaintiffs, Mary Q. Stringfellow and Sally A. Stringfellow, brought suit against Marcella E. Davis and Douglas E. Davis, and their insurance carrier, State Farm Fire & Casualty Company (hereafter State Farm) for personal injuries sustained in an automobile collision. State Farm denied coverage at the time of the accident and moved for a summary judgment. The motion for summary judgment was accompanied by an affidavit of Earl E. Tinney, Resident Claims Superintendent for State Farm for Pinellas County, Florida. The affiant stated:
That on or about April 5, 1972, the date of the accident referred to in plaintiffs' amended complaint, State Farm Fire & Casualty Company did not insure Marcella E. Davis and Douglas E. Davis under any policy of liability insurance written by it.
At the hearing on the defendant's motion, the plaintiffs presented the deposition of Douglas E. Davis, which said, inter alia, that the premium had been mailed the weekend before the accident and that a notice of cancellation for nonpayment of premium had not been received. The trial judge granted summary judgment for the defendant, State Farm, and this timely appeal followed. We reverse.
Summary judgment is a procedural device for disposition of actions in which there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law.[1] Rule 1.510(b), RCP, 31 F.S.A. authorizes a defendant to move for a summary *688 judgment with or without supporting affidavits. If an affidavit is used the provisions of Rule 1.510(e) must be complied with.[2]
This court held in Producers Fertilizer Co. v. Holder, Fla.App.2d 1968, 208 So.2d 492, that a statement in an affidavit can be considered in connection with a motion for summary judgment only if it would be admissible at trial. In Matarese v. Leesburg Elks Club, Fla.App.2d 1965, 171 So.2d 606, 607, it was held that ". . a movant for a summary judgment who fails to come forward with enough proof to sustain his motion is not entitled to have it granted." The Matarese case was cited with approval in the frequently cited case of Holl v. Talcott, Fla. 1966, 191 So.2d 40.
The order entered by the trial judge indicates that the appellant did not bring forth sufficient evidence to counter the affidavit filed by State Farm. It appears from this statement that the trial judge has misconceived the applicable law. The burden is on the party moving for summary judgment to make a conclusive showing that there is no genuine issue of material fact, and all inferences of fact from proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. O'Grady v. Wickman, Fla.App. 4th, 1968, 213 So.2d 321. The existence of material evidence was shown by the deposition presented by the appellant. Accordingly, the burden was that of the appellee to produce such evidence negating its effect of raising a factual issue.
Under the standards set forth above this cause must be reversed and remanded. The statement of no coverage, standing by itself, might appear to be admissible. Yet, in the context of the additional facts gleaned from the Davis deposition, it appears that this statement is more nearly a legal conclusion that State Farm had effectively cancelled the coverage. Additionally, the deposition of Douglas E. Davis suggests that if his policy of automobile insurance was canceled, such cancellation may have been ineffective.[3] Accordingly, we conclude that the trial judge erred in granting the defendant's motion for summary judgment. Our decision should not be construed as deciding the merits of the controversy.
Reversed and remanded.
McNULTY, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Rule 1.510, RCP, Author's Comment to 1967 Rules.
[2] "... Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein... ." Rule 1.510 (e), RCP.
[3] Section 627.728(3)(a), Florida Statutes, F.S.A.