PER CURIAM.
This is an appeal from a summary final judgment in an action where the appellant, John Gorman, was the plaintiff claiming damages for the wrongful termination of his employment with the University of Miami.
We hold that the summary judgment was improperly entered because the pleadings, depositions, answers to interrogatories, affidavits and other evidentiary matters filed in the cause show that there is a genuine issue of material fact. See Central Investments, Inc. v. Old Southern Golf Utility Corp., 197 So.2d 17 (Fla. 4th DCA 1967); Laichak v. Bacon, 223 So.2d 752 (Fla. 3d DCA 1969), and Stringfellow v. State Farm Fire & Casualty Co., 295 So. 2d 686 (Fla. 2d DCA 1974).
Dr. Gorman contends that he had earned tenure under his contract of employment which included the provisions of the faulty manual of the University. On the other hand, the defendants contend that the terms of the plaintiff’s employment are to be determined from the annual Faculty Appointments, which gave a later date for the plaintiff’s obtaining tenure than that which would be computed from the faculty manual. It is undisputed that the later date was an error occasioned by the action of the University. There is conflicting evidence concerning the plaintiff’s actions upon learning that he had been mistakenly assigned a later date for the attainment of tenure.
Upon a motion for summary judgment, the court is not to weigh evidence, but simply to determine whether, after giving effect to the undisputed facts, the appellant has no cause of action. See Benson v. Atwood, 177 So.2d 380 (Fla. 1st DCA 1965). We, therefore, hold that the court was in error in entering a summary final judgment on count one of plaintiff’s complaint against the University.
We have reviewed the record in the light of the above stated principles applicable to summary judgment and find that the court correctly entered summary final judg *1182 ment on count two of the complaint, which claims the breach of an oral contract by Henry King Stanford, President of the University of Miami. There is uncontroverted proof that plaintiff’s right to tenure and, therefore, continued employment were fixed by the terms of his employment and the alleged oral promise of the President of the University to take specified actions upon plaintiff’s appeal to him do not constitute an individual contract. Cf. the discussion in Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957), and Goff v. Indian Lake Estates, Inc., 178 So.2d 910, 912 (Fla. 2d DCA 1965). In addition, it appears that at all times defendant Stanford was acting as an officer of the University and not in his individual capacity. Cf. Blount v. Tomlinson, 57 Fla. 35, 48 So. 751 (1909).
In addition, we have considered plaintiff’s point directed to the granting of defendant’s objection to certain interrogatories and find that no error has been demonstrated on this point, especially in light of our holding upon count two of the complaint.
Finally, because of the views expressed herein, we find that the trial judge’s order striking the plaintiff’s prayer for the remedy of reinstatement should be reversed.
Affirmed in part, reversed in part and remanded.