PER CURIAM.
Defendant/seller Harrison appeals from an order of the Circuit Court of Dade County, Florida granting plaintiff/buyer’s request for specific performance of a contract for the sale of a residence. The trial court’s order clearly recites the facts adduced and relief obtained:
FINAL JUDGMENT
This cause came on to be heard before this court for trial without a jury and the court having heard and received evidence and argument of counsel on July 2, 1980 and July 29, 1980, the court is now prepared to rule and enter this opinion and final judgment in this cause.

Findings of Fact

1. This court has jurisdiction over the parties and the subject matter hereto.
2. On or about the 29th day of September, 1978, the Plaintiff and Defendant entered into a contract for the purchase by the Plaintiff of a home and real estate owned by the Defendant and located in Dade County, Florida.
3. The contract, which was admitted into evidence, was in writing and duly witnessed and acknowledged.
4. The contract provided for, inter alia, the remedy of specific performance, court costs and attorney’s fees for the purchaser in the event the transaction was not closed due to wrongful actions of the seller.
5. The court finds that a closing date of January 16,1979 was set by the parties and that the subject transaction was not closed on said date due to the actions of the Defendant.
6. The court finds that the Defendant’s failure to close was wrongful and without legal justification.
7. The court finds that the Plaintiff was ready, willing, and able to close the said transaction on January 16, 1979.
8. The court finds that the Plaintiff has duly performed all the conditions of the contract on her part except insofar as she has been prevented, by the acts of the Defendant, from proceeding to a closing on said transaction.
9. The court finds that the Defendant has wrongfully retained possession of the subject property from January 16, 1979 through the present time.
10. The court finds that the subject property had a fair rental value of from $300.00 to $325.00 monthly for the year 1979 and a fair rental value of from $400.00 to $425.00 monthly for the months of 1980 to date.
11. The court finds that the Plaintiff deposited $2,000.00, pursuant to the contract, with the brokerage agent of the seller and this deposit is still in the possession of the seller’s agent.
12. The court finds that the equities are with the Plaintiff and against the Defendant. The Defendant has not done equity and is therefore before the court with unclean hands. The Plaintiff is entitled to the relief she has sought.
13. The court finds that while a dispute arose between the parties, prior to January 16, 1979, concerning a potential defect in the title to said property, the Plaintiff was at all times material hereto, ready and willing to accept the property “as is” and was ready, willing and able to close the subject transaction on January 16, 1979 in an “as is” state.

Conclusions of Law

14. There was a valid contract, binding upon the Plaintiff as buyer and the Defendant as seller for the purchase and sale of the property in question.
*1272 15. The Plaintiff has proven her case by clear and convincing proof and has proven the contract and its terms by competent and satisfactory proof which is clear, definite and certain.
16. The Plaintiff has proven, by clear and convincing proof, that she was, at all times material hereto, ready, willing and able to close the subject transaction.
17. The court holds that the Defendant shall be and is obligated and required to convey the subject property to the Plaintiff for the contract price less the Plaintiff’s $2,000.00 deposit being held by the Defendant seller’s brokerage agent, less court costs of $769.35, less an attorney fee to the Plaintiff’s attorneys of $4,000.00, less an additional sum of $4,000.00 as and for damages, less the balance of the existing mortgage. The ultimate cash to close this transaction shall be further adjusted pursuant to any other charges and prorations to be made pursuant to the contract.
18. The court holds that the Defendant is obligated to pay a reasonable attorney’s fee to the Plaintiff or on behalf of the Plaintiff to the law firm of Malea and Prager and said sum shall be $4,000.00.
19. The court holds that the Plaintiff is entitled to damages from the Defendant for the fair rental value of the property since January 16, 1979 and after receiving evidence on July 2, 1980 and July 29, 1980 as to the Plaintiff’s damages and any set-offs to which the Defendant is entitled including loss of interest on the purchase price monies and reduction of mortgage principal both since January 16, 1979, affixes said damages in the sum of $4,000.00 which amount shall be offset against the purchase price.
20. The court holds that the Plaintiff incurred taxable costs of $769.35 due to the wrongful acts of the Defendant resulting in this litigation.
21. The court holds the Plaintiff is not estopped by her actions from seeking and receiving specific performance under the doctrine of estoppel and this defense raised by the Defendant is rejected.
22. The court holds that the defense of unclean hands on the part of the Plaintiff is insufficient and is hereby rejected on the basis of the facts presented.
23. Relative to the Defendant’s defenses of estoppel and failure of the Plaintiff to close within sixty days from delivery, by the Defendant, of the abstract, the court finds and holds that the facts do not warrant the application of either defense as against the Plaintiff’s claim. The overwhelming weight of evidence supports the conclusion that there was a bona fide dispute between the Plaintiff buyer’s attorney and the Defendant seller’s attorney as to a potential cloud on the title to the real estate. Further, that the Defendant seller’s attorney acknowledged said potential title defect. Further, that the Defendant seller’s attorney did not clear up this potential title defect, but that the Plaintiff buyer’s attorney made it clear to the Defendant seller’s attorney, within the contract period, that the Plaintiff desired to close and would accept the property even with the potential defect in the title.
It being the judgment of this court that the Plaintiff has proven her case by clear and convincing proof and that the manifest weight of the evidence is against the Defendant as set forth above, it is;
Ordered and Adjudged as follows:
1. The Defendant shall close the subject transaction with the Plaintiff on August 15, 1980 at 3:00 p. m. at the law offices of Malea and Prager.
2. The purchase price of $37,000.00 shall be offset by the following items and amounts:
a. Balance of the existing mortgage.
b. The deposit paid to and held by the seller’s brokerage agent in the sum of $2,000.00.
c. Taxable and costs hereby taxed in the sum of $769.35.
d. Attorneys fees in the sum of $4,000.00.
e. Damages in the sum of $4,000.00.
*1273 3. The purchase price shall be further reduced and/or increased by those charges and prorations as called for in the contract.
4. The court hereby enters judgment in favor of the Plaintiff and against the Defendant pursuant to the findings of fact and conclusions of law and judgment be and the same is hereby entered for all relevant sums for which let execution issue.
5. The court retains jurisdiction of this cause for the purpose of making such further orders and judgments as may be necessary and proper to enforce the terms of this judgment.
Done and Ordered in Chambers in Miami, Dade County, Florida this 11 day of August, 1980.
Appellant first contends that specific performance should not have been granted because the buyer did not validly tender the purchase price within the date set for closing, and the contract for sale made time of the essence. We disagree. The record conclusively establishes that appellant’s own conduct prevented the closing from taking place as scheduled, thereby entitling appellee to the relief of specific performance. A vendor cannot take advantage of a delay in performance which he himself has fostered. Forbes v. Babel, 70 So.2d 371 (Fla.1953). Additionally, appel-lee’s failure to physically tender payment on the day of the closing is not fatal to a grant of specific performance, particularly since appellant was not present on the appointed day. In order to obtain specific performance of a land contract, the “purchaser must either pay the contract sum; tender it; establish that he is ready, willing and able to do so; or establish that he has been excused from so doing.” Horwitz v. Grovpac, Inc., 286 So.2d 576, 577 (Fla.3d DCA 1973), cert. denied, 293 So.2d 365 (Fla.1974); Glave v. Brandlein, 196 So.2d 780, 781 (Fla. 4th DCA 1967). The trial court’s finding that appellee was, at all times material, ready, willing, and able to close the subject transaction on January 16,1979, the date set for closing, is amply supported by the record and establishes the necessary condition precedent to specific performance of the contract.
Appellant also argues that appellee was awarded full damages without proper adjustment of the equities between the parties. We find that appellant has not demonstrated reversible error as to the court’s ruling. Moreover, it appears from the trial court’s conclusions of law that the appellant’s damages were considered, since the court allowed for a set-off.
The trial court’s order is affirmed in all respects.
Affirmed.