456 So.2d 583 (1984)
Richard Crosby STRICKLAND, Appellant,
v.
Barbara J. STRICKLAND, Appellee.
No. 84-840.
District Court of Appeal of Florida, Second District.
September 28, 1984.
Thomas C. Chase of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, P.A., Fort Myers, for appellant.
Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, for appellee.
CAMPBELL, Judge.
Appellant, Richard Crosby Strickland, appeals the partial summary judgment granted in favor of appellee, Barbara J. Strickland. We agree with appellant's contention that the trial court erred in granting partial summary judgment in favor of appellee on the issue of liability and reverse the trial court's order.
This is a paternity action whereby appellee sought to have appellant declared the father of her child. Appellant made several *584 motions to add parties and compel medical examinations, all of which were denied on the basis of the results of appellant's Human Leukocyte Antigen (HLA) reading which indicated a 99.03% probability that he was the father of the child. In the depositions filed in support of the motion for partial summary judgment, two physicians testified that the results of appellant's HLA test were not conclusive proof of paternity.
A trial judge may not, on a motion for summary judgment, make determinations involving the weight of the evidence or the credibility of witnesses. The party moving for summary judgment must successfully meet the burden of proving conclusively the nonexistence of genuine issues of material facts. Landers v. Milton, 370 So.2d 368 (Fla. 1979); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Proof of a high degree of probability does not meet that burden. Accordingly, the partial summary judgment entered in favor of appellee is reversed and the cause remanded for further proceedings.
RYDER, C.J., and LEHAN, J., concur.