GRIMES, Acting Chief Judge.
This is an appeal from a summary judgment denying appellant’s claim for specific performance of the sale of real estate.
Since the case was resolved by summary judgment, we shall state the facts in the light most favorable to appellant. DeMaggio v. Brasserie Restaurant, 320 So.2d 49 (Fla. 3d DCA 1975). Appellant entered into a written contract to purchase land from appellee Crissey “free and clear of all liens” for a price of $77,000. The contract provided for the closing to take place on October 11, 1983, which date was extended to October 30, 1983, by written agreement of the parties. At the time of the execution of the contract, both parties were aware that the property was covered by a mortgage to the Old Roman Catholic Church. Crissey believed that she had already paid this mortgage, but she was unable to obtain a satisfaction from the representatives of the church. Appellant sought to close the transaction before October 30, 1983, but Crissey said she could not give a clear title until the dispute over the mortgage was resolved. Appellant tried to help Crissey in settling the dispute over the mortgage and met with Crissey and representatives of the Old Roman Catholic Church for this purpose on December 22, 1983. When no agreement concerning the mortgage was reached, appellant and Cris-sey agreed to wait a couple of weeks to see if the matter could be resolved so as to proceed with the closing. Appellant next spoke to Crissey by telephone on January 9, 1984, at which time Crissey said she had been offered $90,000 for the property and offered to sell it to appellant for that price. Appellant refused to pay more than the contract price, so Crissey signed a new contract to sell the property for $90,000 to appellees Jasiecki.
The court apparently ruled for appellees on the premise that the purchase was not closed by October 30, 1983, and the closing had not been extended beyond that date by written agreement as provided in the contract. We reverse.
To obtain specific performance, it is unnecessary to physically tender the purchase price so long as the purchaser establishes that he was ready, willing and able to do so or that he has been excused from so doing. Harrison v. Baker, 402 So.2d 1270 (Fla. 3d DCA 1981). A vendor cannot take advantage of a delay in performance which he himself has fostered or condoned. Forbes v. Babel, 70 So.2d 371 (Fla.1953).
Here, it is undisputed that under the contract, Crissey was obligated to convey the property free and clear of the lien of the Old Roman Catholic Church. She did not wish to pay off the mortgage in order to clear the title because she did not believe she owed the underlying debt. Appellant told Crissey prior to October 30, 1983, that he was ready to go forward with the purchase, but she continued to negotiate with the church. Appellant was willing to give her more time to do so and even tried to help her. These circumstances present a genuine issue of fact as to whether the requirement of closing by October 30, 1983, was waived by the conduct of the parties in continuing to conduct themselves as though they were bound by the contract. See Boswell v. Dickinson, 300 So.2d 61 *1183 (Fla. 1st DCA 1974), cert. denied, 312 So.2d 742 (Fla.1975).
We reverse the summary judgment and remand for a trial on appellant’s complaint for specific performance.
FRANK and CAMPBELL, JJ., concur.