GRIMES, Acting Chief Judge.
Godbey appeals the entry of summary final judgment in favor of Dresner as to liability on a claim of injury by a dog bite.
Since the moving party for the purpose of summary judgment admits both established facts favorable to the appellant and all reasonable inferences to be drawn therefrom, we are obligated to state the facts of the case in the light most favorable to Godbey. See Smith v. Crissey, 478 So.2d 1181 (Fla. 2d DCA 1985). Triplett was the owner of property containing a house and a separate rental apartment. His mother, Dresner, lived in the house and owned a large dog. Prior to the attack, Godbey, while inspecting the rental apartment, saw a “beware of dog” sign posted at the entrance of the driveway to the house. When she inquired as to the nature of this sign, she was informed by Triplett that the sign was basically used to keep people from wandering onto the property from the street. However, on a return visit, Godbey noticed that a dog was in a garage located between the house and the apartment. Dresner approached Godbey and suggested that she meet the dog so as to get acquainted. Dresner leashed the dog and allowed Godbey to pet it. The dog was not agitated by the situation, showing no signs of any propensity to bite or snap. Dresner even characterized the dog as being “very old and very arthritic.” There was no discussion between Godbey and Dresner as to the posted “beware of dog” sign.
Later, while Godbey was preparing to sign a lease for the apartment, she again inquired of Triplett if there would be any problems with the dog. Responding in a laughing manner, he told her not to turn her back on the dog, as the dog had previously bitten a neighborhood child on the seat of his pants. Thereafter, as Godbey was attempting to move into the rental apartment, the dog attacked and bit her about the arm.
In moving for summary judgment, Dres-ner contended that under the rationale of Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla.1984), the prominently displayed “beware of dog” sign provided an absolute defense to the dog attack pursuant to section 767.04, Florida Statutes.[1] In opposition, Godbey asserted that had she not relied on the misrepresentations as to the character of the dog and the purpose of the “beware of dog” sign, she would not have been placed in a situation which would have directly resulted in injury to her person. The trial court granted summary final judgment in favor of Dresner. On appeal, Godbey asserts that the doctrine of equitable estoppel is available to avoid the exemption of liability created by section 767.04, thereby giving rise to a material issue of fact which would preclude the entry of summary final judgment.
Recently, our supreme court in Noble v. Yorke, 490 So.2d 29 (Fla.1986), where the respondent was injured by a dog bite when she was told by the petitioner to disregard a “bad dog” sign displayed on the property, stated that:
[Ajbsent specific statutory provision, there is no rule of law which in general exempts statutory rights and defenses from the operation of the doctrine of equitable estoppel. Significantly, the statute [section 767.04] neither expressly disallows application of the doctrine nor contains language suggesting such a result.
We hold that the [respondents] are entitled to seek damages from the [petitioners] despite the fact that the [petitioners] complied with the literal terms of the statute by placing an easily readable sign containing the words “Bad Dog” on the premises. Our holding fully comports with the intent of the legislature and *802 prior case law interpreting section 767.-04.
490 So.2d at 29. The court further noted that the availability of the doctrine of equitable estoppel to avoid the exemption of liability contemplated by section 767.04 is similar to a situation in which a jury may have to decide whether a “bad dog” sign provided effective and genuine notice as required by the statute. If such were found not to be provided, a party would not be entitled to the absolute defense set forth in section 767.04.
Even where the facts are uncontradicted, a summary judgment should not be granted if the facts are susceptible to conflicting inferences. Hobby v. Scott, 298 So.2d 436 (Fla. 4th DCA 1974). The movant bears the burden of demonstrating that the evidence conclusively overcomes every theory upon which, as framed by the pleadings, the opposing party’s position could be sustained. Tyner v. Woodruff, 206 So.2d 684 (Fla. 4th DCA 1968). In light of Noble v. Yorke, we cannot say that Dresner has conclusively negated the theory of equitable estoppel.
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings.
FRANK, J., and PATTERSON, DAVID F., Associate Judge, concur.

. Section 767.04 provides in pertinent part:
[N]o owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog.”