PER CURIAM.
In this dog bite case, we are compelled to affirm the summary final judgment in favor of the defendants, owners of the dog, upon a holding that where, as here, the defendants posted an easily readable “Beware of Dog” sign in a prominent place on the premises where the dog was kept, and the minor plaintiff indisputably saw and understood the warning sign, the mere fact that the minor plaintiff, a next-door neighbor, was an invitee on the premises, does not mean that the defendants thereby implicitly disavowed the sign’s warning so as to equitably estop them from asserting the defense available to them under Section 767.04, Florida Statutes (1983). Compare Noble v. Yorke, 490 So.2d 29 (Fla.1986) (defendants who expressly advised plaintiffs to ignore sign warning them of bad *938 dog because dog was secured may be equitably estopped to rely on sign) and Godbey v. Dresner, 492 So.2d 800 (Fla. 2d DCA 1986) (defendant who expressly advised plaintiff that purpose of sign warning of bad dog was to keep people from wandering onto the property and who suggested that dog was innocuous may be equitably estopped to rely on sign) with Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla.1984) (that plaintiff was a business invitee on premises where sign warning of bad dog displayed does not equitably estop defendant from relying on defense available under Section 767.04, Florida Statutes).
Affirmed.