PER CURIAM.
The defendant Jose Patricio Rodriguez appeals his conviction for conspiracy to commit first-degree murder, and seven-year prison sentence imposed thereon, based on an adverse jury verdict. He raises four points on appeal, none of which rise to the level of reversible error.
First, the defendant contends that the evidence is insufficient to convict the defendant of conspiracy to commit first-degree murder. We cannot agree because the evidence is more than sufficient to sustain the instant conviction. Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Smith, 249 So.2d 16 (Fla.1971); Stephenson v. State, 407 So.2d 926 (Fla. 3d DCA 1981); Harvey v. State, 334 So.2d 170 (Fla. 3d DCA 1976); Amos v. State, 327 So.2d 782 (Fla. 3d DCA 1976); Amell v. State, 319 So.2d 621 (Fla. 3d DCA 1975).
Second, the defendant presents a potpourri point in which he complains that “[t]he trial herein was a mockery of justice where the prosecutor comments and was permitted over repeated objection to make a feature of other crimes evidence, inflammatory, irrelevant evidence and commented on the defendant’s exercise of Fifth Amendment rights” [Appellant’s “Second Issue,” Brief, p. 18]. There follow two pages of argument in which the defendant complains in the vaguest of terms about a sundry of alleged prosecutorial misdeeds described only in argumentative and summary fashion. [Appellant’s Brief pp. 18-20]. Without delving into the literally dozens of vaguely stated claims of error, suffice it,to say that multi-barreled points of this nature fail to raise any judiciable issue for appellate review. “It is well-settled that, in order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely and separately as points on appeal.” Singer v. Borbua, 497 So.2d 279 (Fla. 3d DCA 1986), and authorities collected. The subject point obviously fails this elementary test, and, accordingly, must be rejected.
Third, the defendant contends that the trial was rendered fundamentally unfair when a court interpreter was allowed to enter the jury room and converse with the jury during jury deliberations. We reject this point for two reasons: (a) the trial court allowed the interpreter to translate certain documents in evidence from Spanish to English for the jury, but there is no showing that this was done or allowed to be done in the jury room, and (b) the defendant waived any objection to this procedure by failing to object to same in the trial court. Jones v. State, 449 So.2d 253 (Fla.1984), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984); Sims v. State, 444 So.2d 922 (Fla.1983), cert. denied, 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984); Dorminey v. State, 314 So.2d 134 (Fla.1975); Fuller v. State, 406 So.2d 1212 (Fla. 3d DCA 1981).
Finally, the defendant contends that a new trial should be ordered because the trial judge conversed with the jury off the record and outside of the presence of the defendant. We reject this point as there is utterly no showing in this record that such a conversation ever took place.
The final judgment of conviction and sentence under review is
Affirmed.