538 So.2d 1319 (1989)
Josephine SHAPIRO, As Personal representative of the Estate of Lee Shapiro, and Josephine Shapiro, Individually, Appellants,
v.
James BARRON, M.D., et al., Appellees.
No. 87-1530.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
Rehearing Denied March 31, 1989.
Philip M. Burlington, of Edna L. Caruso, P.A., West Palm Beach, and Thompson and O'Brien, Fort Lauderdale, for appellants.
Nancy P. Maxwell of Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for appellees.
PER CURIAM.
The trial court granted a summary judgment in favor of the appellee, Doctor Barron, finding that the appellants, Lee (now deceased) and Josephine Shapiro knew what caused Lee's blindness and other complications, at the latest, on December 31, 1979. Therefore, the court concluded, appellant's medical malpractice suit, filed January 29, 1982, was barred by the applicable statute of limitations.
Mr. Shapiro underwent surgery in August of 1979. Mrs. Shapiro was in communication with her husband's nephew-in-law, Dr. Emil Gutman (a radiologist practicing in Ohio), before and after the surgery. After the surgery, Dr. Gutman travelled to Florida and viewed Mr. Shapiro's medical charts and records, even recommending to the treating doctors to call in a specialist; however, he denied giving Mrs. Shapiro any medical advice as to the cause of the blindness or other complications.
The medical records indicate Mr. Shapiro's eyesight began to deteriorate in October of 1979, and his blindness was diagnosed by December 31, 1979. After Mr. Shapiro's discharge, Dr. Gutman contacted a Dr. Kunin, who, in January of 1982, rendered the opinion that Dr. Barron's failure to use antibiotics preoperatively caused Mr. Shapiro's blindness.
While the complications arising from Mr. Shapiro's surgery were obvious to all, at what time the Shapiros had or should have had knowledge of the cause of such complications becomes the focal point of this opinion, since knowledge of physical injury alone, without the knowledge that it resulted from a negligent act, does not trigger the statute of limitations. Moore v. Morris, 475 So.2d 666 (Fla. 1985).
Recognizing knowledge of the contents of medical charts and records must be imputed to the plaintiffs, Frankowitz v. Propst, 489 So.2d 51 (Fla. 4th DCA 1986); recognizing Dr. Gutman was available to *1320 the plaintiffs as an independent medical advisor throughout the hospitalization; and recognizing Dr. Kunin did not base his opinion on any information not available to the appellants on December 31, 1979, we, nevertheless, reverse.
Judging the credibility of witnesses or weighing the evidence are not proper subjects of a motion for summary judgment. When ruling on the summary judgment motion, Mrs. Shapiro's testimony relating she was told her husband's condition was caused by tubes dislodging from his stomach during his postoperative hospital recovery period, together with the reasonable inference that flows therefrom that she believed such explanation until the rendering of Dr. Kunin's opinion, must be accepted as true; as must, Dr. Gutman's testimony that he never gave any medical advice as to causation to the Shapiros. Moore, 475 So.2d at 667. This court thereupon concludes that a genuine issue of material fact, which has a direct bearing on when the statute of limitations began to run, exists as to when the Shapiros knew or should have known that Mr. Shapiro's complications were caused by Dr. Barron's failure to use antibiotics.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
GLICKSTEIN and GARRETT, JJ., and KAHN, MARTIN D., Associate Judge, concur.