PER CURIAM.
Because it was not shown, conclusively, that there were no genuine issues of material fact, the defendant’s motion for summary judgment should have been denied. See Holl v. Talcott, 191 So.2d 40 (Fla.1966), Raul Distributors, Inc. v. Fast Air Carrier Ltd., 450 So.2d 598 (Fla. 3d DCA 1984); Stringfellow v. State Farm Fire & Cas. Co., 295 So.2d 686 (Fla. 2d DCA 1974). The plaintiff’s affidavits, and the minutes of a corporate meeting where the defendant was in attendance, create an ambiguity as to what was intended by express terms of the contract. Particularly, the contract incorporates by reference actions taken and approved by members and the Board of Directors of the defendant corporation, which actions of the Board are not entirely consistent with other language in the contract. An internal inconsistency in an agreement creates an ambiguity which cannot be resolved by summary judgment. See Stein v. Schell, 388 So.2d 1100 (Fla. 4th DCA 1980); S & T Anchorage, Inc. v. Lewis, 575 So.2d 696 (Fla. 3d DCA 1991).
Reversed and remanded.