GREEN, Judge.
Appellants Salvador and Morena Sasson, plaintiffs below, appeal an adverse final summary judgment in their products liability action. The trial court concluded that no genuine issue of material fact existed and that as a matter of law, this action was barred by Florida’s now-repealed product liability statute of repose, section 95.031(2), Florida Statutes (1975). We reverse.
According to the complaint, Salvador Sas-son was allegedly injured by a table saw while working at his place of employment on September 5, 1991. As a result of his personal injuries, Mr. Sasson and his wife, Morena, filed this suit against the manufacturers, distributors and/or sellers of this saw on May 21, 1992. The appellees answered and raised numerous affirmative defenses, including the extinction of this action by the former products liability statute of repose.
The appellees thereafter moved for summary judgment on the grounds that they were immune from this suit because the saw in question was manufactured, sold, and delivered to its original purchaser more than twelve years prior to the repeal of the products liability statute of repose. This former statute precluded products liability actions from being brought more than twelve years after a product was sold to its original purchaser regardless of when a defect in the *1067 product was or should have been discovered.[1] This statute was repealed by the. Florida Legislature effective July 1,1986.[2]
Thereafter, however, the supreme court specifically found that the repeal of this statute of repose could not be construed to operate retrospectively to a cause of action that accrued before its effective date. . See Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 737 (Fla.1987). Thus, the repeal of this statute could not have the effect of resurrecting a cause of action that had been previously extinguished by operation of law under the statute. See Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361, 1363 (Fla.1992). Accordingly, in order to prevail on their motion for summary judgment, the appellees would have to affirmatively demonstrate that the table saw was delivered to its original purchaser more than twelve years prior to the July 1,1986, repeal of the statute (i.e., before July 1,1974).
Based upon their business records and the serial number assigned to the subject saw, the appellees were first able to establish its date of manufacture as being November 29, 1972. The appellees, however, currently have no business or sales records as to the saw’s date of delivery to its original purchaser. The appellees, therefore, attempted to establish the delivery date through the use of circumstantial evidence at the summary judgment hearing below. Specifically, the appellees relied upon the deposition testimony of two of its retired employees. Although neither of these individuals has any personal knowledge as to the actual date of sale of the subject saw, they both essentially testified that the saws were shipped out within eight to ten weeks of their manufacture, in accordance with the appellee’s general business practices. One of these witnesses further testified that he had no recollection of there being any significant backlog of the subject saws. Based upon this testimony and the saw’s, date of manufacture, the appellees surmised that the subject saw would have had to have been shipped to its original purchaser not later than February 1973. Thus, the appellees argued that this products liability action was extinguished prior to the repeal of the statute of repose. Summary judgment was entered in favor of appellees on this ground and this appeal followed.
The movant for a summary judgment has the burden of conclusively demon-; stating the nonexistence of any genuine issue of material fact. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). The burden of demonstrating the existence of genuine factual issues does not shift to the opposing party until the movant has successfully met its burden. See id. at 43-44. When considering a motion for summary judgment, it is settled that a trial court is not permitted to weigh material conflicting evidence or pass upon the credibility of the witnesses. See Pita v. State St. Bank and Trust Co., 666 So.2d 268, 268 (Fla. 3d DCA 1996); Juno Indus., Inc. v. Heery Int'l, 646 So.2d 818, 822 (Fla. 5th DCA 1994); Shapiro v. Barron, 538 So.2d 1319, 1320 (Fla. 4th DCA 1989); State Farm Mut. Auto. Ins. Co. v. Gant, 460 So.2d 912, 913 (Fla. 2d DCA 1984).
We conclude that the appellees failed to meet their initial burden for summary judgment in that their circumstantial evidence was insufficient to conclusively establish the saw’s original date of delivery and to dispel the existence of a genuine factual issue on this point. First of all, the weight and sufficiency of the evidence as to the appellee’s business practices for moving their products necessarily depended upon the accurate and unbiased recollection of appellee’s former employees. We believe that this evidence was a matter for consideration by the trier of fact. Even assuming arguendo that it was the appellees’ normal business practice to sell their products within eight to ten *1068 weeks of their manufacture, such evidence only makes it highly likely or probable that the subject saw was sold to its original purchaser by February 1973. It does not conclusively establish this fact. Proof of a high degree of probability, even if compelling, does not satisfy the movant’s burden on a motion for summary judgment. See Strickland v. Strickland, 456 So.2d 583, 584 (Fla. 2d DCA 1984)(summary judgment in favor of mother in paternity action error even though blood-testing reading indicated 99.03% probability the putative father was father of child); see also Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)(“A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.”) (citation omitted). Since the appellees’ proof does not conclusively establish that the subject saw was in fact delivered to its original purchaser by February 1973 or more than twelve years prior to the repeal of the statute of repose, the entry of summary judgment in their favor was error.
We therefore must reverse the summary judgment. We do so, however, without prejudice to the appellees’ renewal of this motion if they are able to adduce conclusive evidence that the subject saw was in fact delivered to its original purchaser more than twelve years prior to July 1, 1986 or before July 1, 1974.
Reversed and remanded for further proceedings.

. Specifically, the former statute provided in relevant part that:
Actions for products liability and fraud under subsection 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in subsection 95.11(3) but in any event within 12 years after the date of delivery of the completed product to its original purchaser ... regardless of the date the defect in the product ... was or should have been discovered.
§ 95.031(2), Fla. Stat. (emphasis added).

. See ch. 86-272, § 2, at 2020, Laws of Fla.