721 So.2d 823 (1998)
D. Michael BITZ, M.D. and Jean Bitz, M.D., Appellants,
v.
ED KNOX CLU & ASSOCIATES, P.A. and Ed Knox, Appellees.
No. 98-651.
District Court of Appeal of Florida, Third District.
December 17, 1998.
*824 Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A. and Joel S. Perwin, Miami, for appellants.
Winitz, Minkin & Lowe and Joseph H. Lowe, Miami, for appellees.
Before NESBITT, COPE and GREEN, JJ.
PER CURIAM.
Dr. D. Michael Bitz and his wife appeal an adverse final summary judgment in their negligence action[1] against the appellees, Ed Knox CLU & Associates, P.A. and Ed Knox (collectively "Knox"), their insurance agent for a professional disability policy. We reverse.
In their claim for negligence, the Bitzes essentially alleged that their agent, Knox, inadvertently submitted erroneous financial information on Dr. Bitz's application for disability insurance with Federal Insurance Company ("Federal") which later gave Federal grounds to commence litigation in federal court to contest coverage when Dr. Bitz became disabled. Federal and Dr. Bitz eventually settled this coverage dispute by Federal's payment of the full amount due and owing under the policy less attorney's fees. Because Dr. Bitz was required to remit one-third of his settlement proceeds to his attorneys, he maintains that he netted far less than the amount of his coverage to which he was entitled because Knox's negligence "bought him a lawsuit." The Bitzes thereafter sued Knox in this action to recoup their attorney's fees paid in the federal coverage action.[2] All of the parties correctly concede that under Florida law, an insured may bring an action against his/her agent whose negligence causes the insured to become embroiled in litigation to secure coverage and incur attorney's fees and costs. See Duncanson v. Service First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963); see also McLeod v. Continental Ins. Co., 591 So.2d 621, 626 (Fla. 1992) (finding that attorney's fees may be considered an element of damages in cases in which the wrongful act of the defendant has caused the plaintiff to become involved in litigation with third parties).
Knox moved for final summary judgment on the grounds that any negligence on his part was not the proximate cause of the insurer's commencement of the coverage suit against Dr. Bitz. In response, however, the appellants produced competent evidence which indicated that the insurer did not actually rely upon the financial information supplied to them by Knox in initially approving Dr. Bitz for the challenged coverage, but that the insurer later utilized Knox's "snafu" on the application as a basis for contesting coverage in the suit. Given these conflicting factual scenarios, we conclude that the trial court erred in entering summary judgment in Knox's favor. See Hudlett v. Sanderson, 715 So.2d 1050, 1052 (Fla. 4th DCA 1998); Dettloff v. Abraham Chevrolet, Inc., 534 So.2d 745, 747 (Fla. 2d DCA 1988); Godbey v. Dresner, 492 So.2d 800, 802 (Fla. 2d DCA 1986). In granting this summary judgment, the trial court obviously elected to believe Knox's evidence over the appellants' and *825 thus, in the process, impermissibly encroached upon the province of the trier of fact. See Sasson v. Rockwell Mfg. Co., 715 So.2d 1066, 1067 (Fla. 3d DCA 1998); Cardet v. Rodriguez, 682 So.2d 225, 225 (Fla. 3d DCA 1996); Davis v. Hathaway, 408 So.2d 688, 689 (Fla. 2d DCA 1982); Gorman v. University of Miami, 340 So.2d 1180, 1181 (Fla. 3d DCA 1976).
We therefore reverse the summary judgment and remand for further proceedings.
Reversed.
NOTES
[1] In their action below, the appellants also filed a breach of fiduciary duty count against Knox; judgment was entered in Knox's favor on this count as well. Since the appellants have not challenged the adverse summary judgment entered in this court on this appeal, we treat this issue as abandoned. See Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla.1981); R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39, 41 n. 7 (Fla. 3d DCA) review denied, 682 So.2d 1100 (Fla. 1996); Rodriguez v. State, 502 So.2d 18, 19 (Fla. 3d DCA 1986).
[2] As a result of Federal's initial denial of coverage, Dr. Bitz maintained in the action below that he experienced a cash flow problem which forced him to compromise another disability policy and two operating expense policies that he had with another carrier. Although Dr. Bitz asserted that he suffered damages from the settlements, he did not appeal the adverse summary judgment that was entered on this claim, thus, he has abandoned the claim. See Dober, 401 So.2d at 1323-24; Engle, 672 So.2d at 41 n. 1; Rodriguez, 502 So.2d at 19. Accordingly, this claim, like the breach of fiduciary duty claim, shall not be relitigated on remand.