730 So.2d 344 (1999)
Orlando D. HERNANDEZ and Miguelina Hernandez, Appellants,
v.
UNITED AUTOMOBILE INSURANCE COMPANY, INC., Appellee.
No. 98-774.
District Court of Appeal of Florida, Third District.
March 10, 1999.
*345 Merritt, Sikes & Leach, Miami, for appellant.
Arthur J. Morburger, Miami, for appellee.
Before LEVY, GREEN, and SHEVIN, JJ.
PER CURIAM.
This is an appeal from a final summary judgment in a declaratory action finding no insurance coverage for the loss of the appellant's leased vehicle. We reverse.
The appellants, Orlando D. Hernandez and his wife, Miguelina, were named insureds under an automobile insurance policy issued by the appellee, United Automobile Insurance Company ("insurer"). The policy provided collision coverage which extended to driver(s) who operated the vehicle with the express permission of the named insureds and who did not permanently reside in their household.[1] While this policy was in full force and effect, the Hernandez's leased vehicle was involved in a serious collision with another vehicle resulting in severe injuries to the driver of the other vehicle. The driver of the Hernandezes' vehicle immediately fled the scene and was otherwise unidentifiable by anyone present.
When the insurer declined coverage and denied a duty to defend,[2] the Hernandezes filed this declaratory action asserting, among other things, that at the time of the accident, they had lent their vehicle to their neighbor, Johnny Torres. Accordingly, they maintained that because this vehicle was being operated by someone with their express permission, the insurer had an obligation to defend and indemnify them under the policy. The insurer filed a motion for final summary judgment based upon Mr. Torres' sworn denial of being the driver of the appellants' vehicle at the time of the accident and the Hernandezes' inability to otherwise refute Mr. Torres' sworn testimony. The trial court granted this motion. We conclude, without reaching other related issues raised, that this was error.
A movant for a summary judgment must conclusively establish the nonexistence of genuine issues of material fact. See Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). In ruling on a motion for summary judgment, it is well-established that the court may neither adjudge the credibility of the witnesses nor weigh the evidence. See Pita v. State Street Bank and Trust Co., 666 So.2d 268, 268 (Fla. 3d DCA 1996) (holding that "[o]n a motion for summary judgment, it is settled that a trial court is not permitted to weigh material conflicting evidence or pass upon the credibility of the witnesses."); Juno Indus., Inc. v. Heery Int'l, 646 So.2d 818, 822 (Fla. 5th DCA 1994) (stating that "[t]he trial court may not determine factual issues nor consider either the weight of the conflicting evidence or the credibility of witnesses in determining whether a genuine issue of material fact exists in a summary judgment proceeding."); Shapiro v. Barron, 538 So.2d 1319, 1320 (Fla. 4th DCA 1989) (reasoning that "[j]udging the credibility of witnesses or weighing the evidence are not proper subjects of a motion for summary judgment."); Kuczkir v. Martell, 480 So.2d 700, 701 (Fla. 4th DCA 1985) (stating that "[w]here the *346 issue of credibility is present, summary judgment is inappropriate."); State Farm Mut. Auto. Ins. Co. v. Gant, 460 So.2d 912, 913 (Fla. 2d DCA 1984) (holding that "[i]t goes without saying that a trial judge may not, on motion for summary judgment, make evidentiary determinations involving the credibility of witnesses."); Strickland v. Strickland, 456 So.2d 583, 584 (Fla. 2d DCA 1984) (reasoning that "[a] trial judge may not, on a motion for summary judgment, make determinations involving the weight of the evidence or the credibility of witnesses."). It is clear to us that the question of whether Mr. Torres was a permissive driver of the insured vehicle at the time of the accident turns squarely upon Mr. Torres' and/or the Hernandezes' credibility. In entering summary judgment in favor of the insurer, the trial court obviously found Mr. Torres' testimony to be more credible. That was a matter within the province of the trier of fact and not the court on a motion for summary judgment. Clearly, if the trier of fact elects to disbelieve Mr. Torres' testimony and accepts the Hernandezes' claim that Mr. Torres was operating the insured vehicle at the time of the accident with their permission, there would be coverage under the policy. Thus, where there is conflicting evidence as to whether a permissible driver was operating the insured vehicle at the time of its loss, the trial court erred in granting summary judgment.
Reversed and remanded for further proceedings.
NOTES
[1] The relevant policy provision states the following:

PART D COVERAGE FOR DAMAGE TO YOUR AUTOEXCLUSIONS
"We" will not pay for:
1. Loss to Your covered auto while it is being operated by anyone other than the Named Insured, unless, the driver has been described, accepted and added to Your Policy as an Additional Driver by Us and shown in the Declarations part of Your Policy, or by separate endorsement. "You" have a period of 30 days from the date of licensure in which to add a newly licensed permanent resident of "your" household as an Additional Driver.
"Additional Driver" means: any driver or drivers described, accepted and added to "Your" Policy by "Us" and shown in the Declarations part of "Your" Policy, or by separate endorsement. It also means a driver given your express permission to operate your covered auto provided that:
a) the driver is not a permanent resident of "your" household; and
b) Not a usual and customary operator of your covered auto.
(Emphasis omitted).
[2] When the insurer declined coverage, the lessor of the vehicle sued the appellants personally for the loss of the vehicle and recovered a judgment against them.