SHEVIN, Judge.
We reverse the summary judgments entered in favor of defendants HMY Yacht Sales, Inc., and The Last Detail Inc. of Palm Beach. There are genuine unresolved issues of fact as to defendants’ liability for the fire that resulted in the destruction of the vessel. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Meeks v. Florida Power & Light Co., 816 So.2d 1125, 1129-30 (Fla. 5th DCA 2002), review granted, No. SC02-1033, 837 So.2d 408 (Fla. Feb. 12, 2003); Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So.2d 255 (Fla. 3d DCA 2001); Bitz v. Ed Knox CLU & Assoc., 721 So.2d 823 (Fla. 3d DCA 1998); Marine Office-Appleton & Cox Corp. v. Aqua Dynamics, Inc., 295 So.2d 370 (Fla. 3d DCA 1974); Pegg v. Bertram, 176 So.2d 918 (Fla. 3d DCA 1965).
In addition, we reverse the attorney’s fees awarded under sections 57.041 and 768.79, Florida Statutes (2001), as the basis for the award has been reversed. See Key v. Angrand, 638 So.2d 628 (Fla. 3d DCA 1994). As to the section 57.105, Florida Statutes (2001), fees awarded to HMY, we reverse the award as the negligence count was not completely lacking in merit. Plaintiff Insurance Company of North America’s negligence count against HMY does allege more than mere negligent selection of the cleaning company. See Read v. Taylor, 832 So.2d 219 (Fla. 4th DCA 2002). On remand, INA shall be given leave to amend the complaint so that it clearly comports with its assertions as to defendants’ alleged negligence in failing to turn off the light before leaving the vessel.
Reversed and remanded.