# Third District Court of Appeal
## State of Florida

Opinion filed March 31, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0195
Lower Tribunal No. 19-6671-CA-01
_____

**Jose R. De Cardenas, et al.,**
Appellants,

vs.

**White Pine Insurance Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Viera Yague, PLLC, and Fred Viera and Isabel Yague, for appellants.

Conroy Simberg, and Samuel B. Spinner and Hinda Klein (Hollywood) and Robert S. Horwitz (West Palm Beach), for appellee.

Before EMAS, LOGUE and BOKOR, JJ.

BOKOR, J.

Jose and Yolanda Cardenas sued White Pine Insurance Company for breach of contract based on nonpayment of claimed Hurricane Irma damages. White Pine moved for summary judgment, and the parties presented competing expert affidavits as to whether the damage constituted a covered loss. The issue turned on whether the homeowners' expert created a genuine issue of material fact regarding whether the water damage to the property resulted from a wind-created opening during Hurricane Irma. White Pine contended in its summary judgment motion that the homeowners' expert affidavit failed to meet the Daubert[1] standard for admissibility of expert testimony. The trial court granted the motion and entered final judgment in White Pine's favor. As explained in more detail below, we conclude the trial court erred in excluding the homeowners' expert affidavit.[2]

---

[1] See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993) (articulating standards for admissibility of expert testimony, now codified as section 90.702, Florida Statutes).

[2] While we review a grant of summary judgment de novo, see Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006), we review a trial court's decision to admit or strike expert testimony for abuse of discretion. Orpe v. Carnival Corp., 909 So. 2d 929, 930 (Fla. 3d DCA 2005). Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). An issue of fact is "genuine" when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party, and a fact is "material" when it could have some bearing on the outcome of the case under the applicable substantive law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The trial court declined to accept the expert testimony of the homeowners' expert, Daniel Stokes, because: (1) Stokes's experience is in being a roofer and not a professional engineer; (2) Stokes lacked sufficient underlying information regarding the property's condition before the loss; and (3) Stokes failed to opine that the force of Hurricane Irma's wind created any opening allowing for the water damage. And because Stokes was not an engineer, the trial court concluded he lacked competence to speak to the cause of the cracks in the stucco from which he claimed the water entered the home. However, in examining Stokes's expert affidavit, we conclude that absent a more fulsome <u>Daubert</u> hearing, the trial court erred in making its findings based solely on the affidavit and argument of counsel. Stokes's report describes how he arrived at his conclusions based on an inspection of the interior and exterior of the property, an examination of the wind speed maps and zoning of the area, and interviews with the homeowner. He also gives his qualifications, focusing on his forty-four years of experience as a roofer. His methodology, as it stands in the record before us, presents no basis to strike his opinion in its entirety.

The codification of Daubert at section 90.702, Florida Statutes, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a

3

fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:

(1) The testimony is based upon sufficient facts or data;

(2) The testimony is the product of reliable principles and methods; and

(3) The witness has applied the principles and methods reliably to the facts of the case.

The threshold issue for a Daubert analysis is the qualification of the expert witness in the relevant field. An expert can be qualified not only due to their academic background, but also relevant skill, experience, or training. See United Auto. Ins. Co. v. Progressive Rehab. & Orthopedic Servs., LLC, 324 So. 3d 1006, 1010 (Fla. 3d DCA 2021) ("Nothing in [section 90.702] prohibits expert opinion testimony based on experience."). Qualification doesn't require that an expert be as qualified as possible, or even as qualified as another expert, but simply that the expert possess the minimum level of specialized knowledge to opine intelligently and assist the trier of fact. See Bell v. State, 179 So. 3d 349, 357 (Fla. 5th DCA 2015) ("[T]he evidence code 'does not mandate that an expert be highly qualified in order to testify about a given issue' because '[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony . . . not its admissibility.'" (quoting in part Huss v. Gayden, 571 F.3d 442, 452 (5th Cir. 2009))). Here, the trial court appears to focus on Stokes's lack of formal education as a basis for striking his affidavit, comparing his background and training to that of White Pine's

expert, who holds a degree in mechanical engineering. But Stokes's lack of an engineering degree alone does not provide a basis to strike his opinion. See Hernandez v. United Auto. Ins. Co., 730 So. 2d 344, 345 (Fla. 3d DCA 1999) ("In ruling on a motion for summary judgment, it is well-established that the court may neither adjudge the credibility of the witnesses nor weigh the evidence.").

Both Daubert and section 90.702 require expert testimony to be founded on sufficient information and reliable methodology, as opposed to "[s]ubjective belief and unsupported speculation." Perez v. Bell S. Telecomms., Inc., 138 So. 3d 492, 499 (Fla. 3d DCA 2014). This "gatekeeping obligation" is flexible and empowers the trial court with broad discretion within Daubert's guidelines to evaluate reliability and prevent improper testimony from reaching the factfinder under the guise of expert opinion. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999) ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. That is to say, a trial court should consider the specific factors identified in Daubert where they are reasonable measures of the reliability of expert testimony."). However, the broad discretion afforded to the trial court in its gatekeeping role doesn't allow the trial court to weigh the evidence

itself, as that is the role of the factfinder. See Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

The trial court's gatekeeping responsibilities in admitting or excluding expert testimony also include providing a sufficient analysis of the factors listed under section 90.702. State Farm Mut. Auto. Ins. Co. v. Nob Hill Fam. Chiropractic, 328 So. 3d 1, 6 (Fla. 4th DCA 2021) ("For proper appellate review purposes, a natural requirement of the trial court's gatekeeping function is the creation of a sufficiently developed record in order to allow a determination of whether the [trial] court applied the relevant law." (quotations omitted)). While there is no obligation for the trial court to hold a standalone Daubert hearing, such a hearing often presents the best opportunity to make adequate findings and ensure the trial court does not improperly substitute its judgment for that of the jury. See Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1113 (11th Cir. 2005) ("Daubert hearings are not required, but may be helpful in complicated cases involving multiple expert witnesses." (quotations omitted)); United States v. Ware, 69 F.4th 830, 847 (11th Cir. 2023) ("The Daubert gatekeeping function's core use is to keep junk science away from the jury.

6

In fact, <u>Daubert</u> cases frequently express concern about trial judges substituting their judgment for that of the jury.").

Here, no hearing was held, and the findings articulated in the trial court's summary judgment order ignore certain parts of the affidavit presented and address more the weight a factfinder may place on Stokes's testimony than its admissibility under section 90.702. For example, the trial court found that Stokes did not make any claim that the water damage was caused by Hurricane Irma. However, Stokes expressly opines in his report that the cracks in the stucco from which the water entered the property were caused by the high winds of Hurricane Irma. White Pine's expert attributed the same cracks to settlement of the property. In review of the reports, we are constrained to conclude that the trial court considered the weight of the evidence rather than a threshold examination of the qualifications, methodology and conclusions of the expert. Because the improper exclusion of the expert report led to the grant of summary judgment in favor of White Pine, we reverse the grant of summary judgment and remand for proceedings consistent with this opinion.

Reversed and remanded.

EMAS, J., concurs.

LOGUE, J., concurring in result only.

Undue judicial delay inflicts harm on people. That is why the Florida Constitution prohibits it. See Art. I, § 21, Fla. Const. ("[J]ustice shall be administered without sale, denial or delay."). As reflected on the public docket, briefing was completed, a request for oral argument was denied, and this case was ready to be decided in the fall of 2023. The Court's opinion is being issued two and a half years later. I agree with the result, but I cannot in good conscience agree with the delay.