848 So.2d 444 (2003)
CONSOLIDATED INSURANCE SERVICES, Appellant,
v.
Nakisha FREEMAN, Clarence Freeman, her husband, Elizabeth Davis, Greater Bethel Christian School, and Foriest Williams, Appellees.
No. 4D02-684.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
*445 Keith J. Lambdin of Lambdin & Rosser, P.A., Plantation, for appellant.
William W. Price of William W. Price, P.A., and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee Elizabeth Davis.
JENNIFER D. BAILEY, Associate Judge.
Consolidated Insurance Services, Inc. ("Consolidated") appeals from a final summary *446 judgment granting Elizabeth Davis'("Davis") summary judgment motion and entering judgment for damages, attorney's fees and costs. Consolidated alleges the trial court erred in ruling that the "law of the case" doctrine determined Consolidated's liability and in granting attorney's fees in the case.
This case arose from an October 1995 traffic accident in which Greater Bethel Christian School's ("Bethel") van hit Davis' car. Prior to the accident, National Indemnity Company ("NIC") sent Bethel a notice of non-renewal indicating that the automobile insurance policy on the van was about to expire. Bethel submitted a renewal application and a premium payment to Consolidated, Bethel's insurance broker, prior to termination, but Consolidated failed to timely renew. As a result, NIC denied coverage for the Davis accident because its policy had terminated in August 1995.
Davis brought suit against Bethel and its driver for negligence and against Consolidated for negligent procurement. While Davis' action was pending, Consolidated filed a declaratory judgment action against NIC seeking to determine whether Consolidated's actions had bound NIC coverage. The trial court in the declaratory judgment action found Consolidated to be NIC's agent. Thus, Consolidated's representations to Bethel bound NIC to provide coverage. NIC appealed, and we reversed. See Nat'l. Indem. Co. v. Consol. Ins. Servs., 778 So.2d 404, 408 (Fla. 4th DCA 2001).
During the pending appeal, Davis' automobile negligence case went to trial, resulting in a jury verdict against Bethel and Consolidated. The trial court entered judgment on the verdict and granted $7,000 in costs and $145,790 in attorney's fees against Bethel, Consolidated, and based upon the declaratory judgment ruling, against NIC. Upon reversal of the declaratory judgment, the trial court vacated the judgment against NIC but let the verdict stand against Consolidated.
Davis then filed a summary judgment motion against Consolidated, alleging it negligently failed to procure or renew the policy. Consolidated also moved for summary judgment alleging the coverage issue was res judicata where this court's opinion determined the lack of coverage was due to Bethel's failure to take appropriate action to renew the policy. In support of her motion, Davis presented unrebutted evidence that when Bethel delivered its premium check to Consolidated, it represented to Bethel it would renew Bethel's policy with NIC. Consolidated later admitted in a letter to Bethel it failed to timely renew its policy with NIC. Based upon this evidence, the trial court granted Davis' summary judgment, from which Consolidated has appealed.
Consolidated argues that this court's opinion in the declaratory judgment action established the law of the case for Davis' negligent procurement action. This argument misapprehends the "law of the case" doctrine, which merely provides that questions of law decided on appeal must govern all subsequent proceedings in the case. See Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). The issue adjudicated in Consolidated's declaratory judgment, and resolved in the appeal, was the legal relationship between Consolidated and NIC, not the relationship between Consolidated and Bethel or Davis. Davis' negligent procurement action claims that Consolidated should have timely renewed Bethel's insurance policy. The declaratory judgment action merely determined that Bethel's delivery of payment and application to Consolidated did not trigger any obligation by NIC based upon the legal relationship between them.
*447 An appellate court's prior decisions foreclose reconsideration by the trial court so long as the operative facts continue to be the facts of the case. Strazzulla v. Hendrick, 177 So.2d 1, 3 (Fla. 2nd DCA 1965). In NIC's appeal, this court determined that there was no evidence of agency or apparent agency which would support the claim that Consolidated was NIC's agent for purposes of binding coverage. We remanded for entry of a judgment in favor of NIC. The opinion is binding only as to the relationship between NIC and Consolidated. The opinion did not address the relationship between Bethel and Consolidated, which forms the basis of the negligent procurement action. Indeed, the extent of Consolidated's duties to procure insurance on behalf of Bethel has never been addressed on appeal. Therefore, Consolidated's argument fails. Additionally, Consolidated failed to oppose Davis' summary judgment motion with any evidence of its proper handling of the renewal. Finding no genuine issues of material fact as to Consolidated's failure to procure insurance for Bethel, the trial court's summary judgment is affirmed.
Consolidated also appeals the trial court's award of attorney's fees in favor of Davis. Consolidated argues that an award of fees is improper where Consolidated was not included in any offer of judgment. The trial court, however, did not make an award of fees pursuant to the offer of judgment statute; therefore, we reject this argument.
Davis argues that the trial court properly awarded fees to her as the prevailing party in a negligent procurement suit. "The fundamental rule in Florida is that attorneys' fees are in derogation of the common law and will only be granted pursuant to a contractual agreement or statutory authority. Any statute allowing an award of fees will be strictly construed." Sheridan v. Greenberg, 391 So.2d 234, 236 (Fla. 3rd DCA 1980). In insurance-related cases, attorney's fees may be granted,
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of any appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (1999) (emphasis added). However, under this statute, Davis' fees cannot be shifted to Consolidated. Strictly construing this statute, the Florida Supreme Court has held that only the persons named in the statute are entitled to recover attorney's fees, including the contracting insured, the insured's estate, specifically named beneficiaries, and third parties who have coverage through assignment. See Roberts v. Carter, 350 So.2d 78, 79 (Fla.1977). Plaintiffs such as Davis are not entitled to attorney's fees under the statute.
An exception to the rule that only those named in section 627.428 are entitled to attorney's fees is where fees are an element of damages in the tort action. See Sheridan, 391 So.2d at 237. In a negligent procurement action, the insured's damages may include a claim for attorney's fees against its agent because, if the agent had successfully contracted for coverage, a defense would have been provided under the policy. The agent's failure to secure that *448 coverage forces the insured to fund its own defense and is, therefore, a legitimate component of damages. See Duncanson v. Serv. First, Inc., 157 So.2d 696, 699 (Fla. 3rd DCA 1963); Bitz v. Ed Knox Clu & Assocs., 721 So.2d 823, 824 (Fla. 3rd DCA 1998). Davis' attorney's fees are not a component of her damages here because she was not forced to incur those fees as a result of her agent's failure to procure insurance coverage. She has no contractual agreement or statutory right to have Consolidated, Bethel or NIC pay her fees. See Sheridan, 391 So.2d at 237. Rather, Bethel may have a cognizable claim for attorney's fees against Consolidated. Davis, however, does not. For that reason, we reverse the trial court's award of Davis' attorney's fees against Consolidated.
Affirmed in part, reversed in part.
KLEIN and STEVENSON, JJ., concur.