890 So.2d 410 (2004)
SUN GROUP ENTERPRISES, INC., etc., Appellant,
v.
Paul J. DeWITTE, Jr., Ronald Koji, et al, Appellee.
No. 5D04-685.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
Allan P. Whitehead of Frese, Nash & Hansen, P.A., Melbourne, for Appellant.
James H. Fallace and Jesse L. Kabaservice of Fallace & Larkin, L.C., Melbourne, for Appellee.
PETERSON, J.
Sun Group Enterprises, ("SGE"), d/b/a Sun Plumbing and Dean's Septic, appeals a non-final order denying injunctive relief and granting a motion to dismiss with prejudice in favor of Paul J. DeWitte, ("DeWitte"), Ronald Koji, ("Koji"), and C.D.S. Plumbing, Inc., ("CDS"), (collectively "Appellees"). SGE contends that Appellees violated a non-compete agreement when after terminating employment with SGE's predecessor company, Sun Plumbing, Inc.,[1] DeWitte incorporated CDS to perform plumbing services and hired Koji and Sean Boates, former employees of Sun Plumbing, Inc. Appellees contend that they have not violated any employment agreement because the non-compete covenants of their agreement with Sun Plumbing, Inc., were not capable of assignment *411 and the attempt by Sun Plumbing, Inc., to assign the same to SGE was invalid.
DeWitte entered into an employment contract[2] with Sun Plumbing, Inc., in 1997, but voluntarily terminated employment in 2002 and incorporated CDS. Koji signed the same employment agreement in 1997, renewed the agreement with Sun Plumbing, Inc., in 2002, and also terminated employment in that year to work for CDS. Boates signed his employment agreement in 2000, and in contrast to DeWitte and Koji, re-signed a virtually identical contract with SGE in 2003, the year he terminated employment with SGE in order to work for CDS.
In 2003, the President of Sun Plumbing, Inc., wrote to both DeWitte and Koji reminding them to comply with the conditions of their employment agreement. Eight months later, SGE filed a five-count complaint demanding:

Count I  Temporary and permanent injunctions against Appellees and Boates.

Count II  Breach of contract against DeWitte.

Count III  Breach of contract against Koji.

Count IV  Breach of contract against Boates.

Count V  Tortious interference by CDS.
The Appellees moved to dismiss the complaint and the trial court denied with prejudice SGE's request for an injunction as to CDS, DeWitte and Koji. The trial court also denied the injunction as to Boates, but granted leave to amend. Finally, the court granted Appellees' motion to dismiss as to count I for CDS, DeWitte and Koji, and this appeal followed.

ENFORCEABILITY OF THE RESTRICTIVE COVENANTS
We restrict our analysis to the issue of whether the employment agreements were capable of assignment and were in fact assigned from Sun Plumbing, Inc., to SGE, the corporation attempting to enforce the agreements.
In Corporate Express Office Products, Inc. v. Phillips, 847 So.2d 406, 413 (Fla.2003), the Florida Supreme Court explained that "when a corporation's sale of its assets includes a personal service contract that contains a noncompete agreement, the purchaser can enforce its terms only with the employee's consent to an assignment." Here, the language contained in the employment agreements does not provide the requisite consent that would allow assignment. Further, the sale agreement entered into between Sun Plumbing, Inc., and SGE suggests that the employment contracts of DeWitte and Koji were not assignable under the same. Section 1.1 of the agreement entitled "Transfer of Assets and Purchase Price" describes the assets sold, but never expressly refers to personal service or employment contracts. Further, the "Excluded Assets" provision provides:

*412 The Assets to be conveyed by the Seller to the Buyer hereunder shall not include any asset, tangible or intangible, which is not specifically set forth and described in Section 1.1, or any asset which is not freely transferable without the consent of a third party, upon the failure to obtain such consent.
The underlined language suggests that the seller was aware of the requirement that an employee must consent to the assignment of a personal service contract. In sum, because there is no evidence that DeWitte or Koji ever consented to having their contract assigned to SGE, neither contract was assignable under the sale agreement. The trial court's dismissal of count I that requested an injunction is affirmed as to Appellees CDS, DeWitte and Koji. We remand for further proceedings, if any, on the remaining counts.

ATTORNEY'S FEES
All parties to this appeal have moved for attorney's fees. Section 542.335(1)(k), Florida Statutes (2003), allows an award of attorney's fees to the prevailing party "in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant." Appellees, having successfully challenged the enforceability of a restrictive covenant, are entitled to attorney's fees.
We affirm the order denying the injunction and dismissing count I of SGE's complaint with prejudice as to the Appellees. We grant the Appellees' motion for attorney's fees and remand to the trial court for a determination of the amount.
ORDER AFFIRMED, MOTION GRANTED AND REMANDED.
SAWAYA, C.J., and PLEUS, J., concur.
NOTES
[1] Sun Plumbing, Inc. is a separate entity from SGE, d/b/a Sun Plumbing and Dean's Septic. After DeWitte and Koji terminated employment with Sun Plumbing, Inc., but before Boates terminated his employment with SGE, Sun Plumbing, Inc., sold all of its "assets" as defined in the sales agreement to SGE.
[2] All of the employment contracts executed between Appellees and Sun Plumbing, Inc., are identical. The pertinent paragraphs of the agreement read as follows:

I will not, during my employment with Sun Plumbing, Inc. of [sic] for a period of three (3) years immediately following termination of such employment ... in any capacity ... compete with Sun Plumbing, Inc. by soliciting, calling[,] contacting, contracting with, or accepting work from any of Sun Plumbing, Inc.'s contractors, customers or clients.
I acknowledge that a violation of the non-compete provisions... will cause irreparable damage to Sun Plumbing, Inc.,... and for that reason, I expressly agree that, in the event of such violation, Sun Plumbing, Inc. shall be entitled, as a matter of right, to an injunction against me ...