984 So.2d 641 (2008)
ATTORNEY'S TITLE INSURANCE FUND, INC., Appellant,
v.
Maria LANDA-POSADA, Appellee.
No. 3D07-2263.
District Court of Appeal of Florida, Third District.
June 18, 2008.
*642 Cohen Fox P.A., Miami, Aaron C. Wong, and Cynthia Morales, for appellant.
Langstadt Pauly Chartered, Clemens W. Pauly, Coral Gables and Oliver J. Langstadt, Miami, for appellee.
Before COPE and LAGOA, JJ., and PLEUS, JR., Associate Judge.
PER CURIAM.
Attorney's Title Insurance Fund, Inc. ("The Fund") appeals the trial court's grant of attorney's fees to a non-party, Maria Landa-Posada, for responding to a subpoena duces tecum propounded by The Fund. Concluding that the trial judge had no authority to award attorney's fees, we reverse.
The Fund is a title insurance underwriter that insures real estate purchasers and mortgage lenders in conjunction with real estate closings conducted by member agents who are licensed attorneys. The Fund insures not only the title to the real property at issue, but also the sanctity of the trust/escrow funds disbursed as part of the closing.
According to the allegations in The Fund's complaint filed below, after a number of claims, The Fund became aware that one of its attorney member-agents, Sarino R. Costanzo, was conducting fraudulent closings through his law firm, Sarino R. Costanzo, P.A. The Fund alleges that Costanzo had set up a satellite office in Dade County that was run and controlled by Vanessa Montalvo, a non-lawyer and non-member of The Fund. Montalvo's involvement was without the supervision of Costanzo and without The Fund's knowledge or consent.
Further, The Fund alleges that Ms. Montalvo, essentially, was operating a real estate/mortgage fraud "factory" out of Costanzo's office using stolen credit histories, "straw" buyers, and falsely inflated appraisals. These fraudulent documents were used to induce mortgage lenders, who were The Fund's insureds, to loan millions of dollars on fraudulent real estate deals orchestrated and closed by Montalvo herself. After the closings, Montalvo would electronically disburse the falsely-generated excess funds on each transaction from the Costanzo trust account to various accounts held in her name in the same bank. The misappropriated trust monies ran into the millions of dollars.
The Fund's suit names Montalvo, Costanzo and their co-conspirators for conversion, equitable lien and injunctive relief. The Fund issued a subpoena duces tecum for documents related to ten closings which had been referred to an attorney member-agent of The Fund, Landa-Posada. Landa-Posada, still a non-party to The Fund's law suit, was served with a subpoena duces tecum and a notice of deposition. The subpoena was specific and not overly broad. The time and effort to comply for Landa-Posada should have been minimal even considering the need to protect client confidentiality.
After the typical discovery protests on the grounds of attorney client privileges, Landa-Posada filed a "Response," a Privilege Log, and a Request for Reimbursement of Attorney's Fees and Costs. She conditioned her response upon The Fund's payment of her actual copying costs and compensation for her attorney's fees relating to the review of documents and preparation of the privilege log by outside counsel.
*643 At Landa-Posada's deposition, she invoked her Fifth Amendment rights to each substantive question. After her deposition, a hearing was held on Landa-Posada's request for reimbursement of attorney's fees. The trial judge ordered The Fund to pay for her outside counsel. This was error.
Our standard of review is de novo because the ruling on the attorney's fees involves an erroneous interpretation and application of Florida law. This is not a case in which we review for abuse of discretion. The amount of a fee award is reviewed under the abuse of discretion standard. The amount of the fee is not an issue in this appeal.
Three well-established rules of law in Florida compel our decision. Attorney's fees may only be awarded pursuant to statute or contract. Costs recovered by a litigant do not include attorney's fees. Attorney's fees cannot be awarded as a matter of equity.
Florida has long followed the so-called "American Rule," which stands for the proposition that attorney's fees are awardable pursuant to an entitling statute or a contract between the parties. See Dade County v. Pena, 664 So.2d 959 (Fla. 1995). Attorney's fees may also be awarded in appropriate circumstances as a sanction. Expeditions Unlimited, Inc. v. Rolly Marine Servs., Inc., 447 So.2d 453 (Fla. 4th DCA 1984). Expeditions Unlimited is similar to the instant case. There, the plaintiff served a subpoena duces tecum upon two U.S. Marshals, both of whom were non-parties. The Fourth District reversed an award of attorney's fees because there was no legal basis for the award.
Absent contract or statute, "costs" do not include attorney's fees. The Florida Rules of Civil Procedure allow the court to condition a non-party's production of documents upon the requesting party's advancement of the reasonable costs or preparing the copies. Fla. R. Civ. P. 1.351(c), 1.410(c) & (e). Nonetheless, the well-established rule remains that "costs" do not include attorney's fees in the absence of statute or agreement of the parties. Price v. Tyler, 890 So.2d 246 (Fla.2004).
Landa-Posada makes the argument that she is entitled to attorney's fees as a matter of equity. Equitable considerations are not a basis for awarding attorney's fees. The law in Florida is well-settled that attorney's fees are not due as a matter of equity. Thompson v. Hodson, 825 So.2d 941 (Fla. 1st DCA 2002). They must be based upon a contractual or statutory right.
Even if equity could be a factor, the equities in this case seem to favor The Fund, not Landa-Posada. The Fund is a victim of fraud. Landa-Posada may have documents needed by The Fund to prove its case.
The expense of preparing a privilege log could have been avoided by Landa-Posada had she simply done what almost every other attorney in Florida does: review her files for privileged materials and prepare the privilege log herself. The files were not foreign to her; they were her very own files. Taxing the cost of an outside attorney under the circumstances would be the very antithesis of equity.
The case is remanded for entry of an order denying attorney's fees.
Reversed and remanded.