GERBER, J.
 

 This appeal presents the question of whether an employer who has a restrictive covenant with employees can recover its attorney’s fees from a third party who knowingly aids and abets the employees’ violation of the restrictive covenant. We hold that the employer cannot recover its attorney’s fees from the third party in that situation.
 

 The plaintiff below and two employees entered into confidentiality agreements containing a restrictive covenant stating that, for two years after the employees’ last date of employment, they would not compete with the plaintiffs business. The employees later left the plaintiffs business. Within a few months, the plaintiffs owner received a phone call from a competitor, Denise Bauer, asking whether a non-compete agreement bound one of the employees. The plaintiffs owner allegedly told Bauer that the employee was bound, although Bauer claimed that the owner refused to respond. In any event, Bauer hired the employees.
 

 The plaintiff then filed suit, seeking an injunction to prevent the employees from violating the restrictive covenant, and to prevent Bauer from aiding and abetting the violation. The plaintiff also sought damages against the employees for breach of the restrictive covenant, and against Bauer for tortiously interfering with the restrictive covenant. The plaintiff further pled entitlement to recover its attorney’s fees and costs under section 542.335(l)(k), Florida Statutes (2007), which provides, “In the absence of a contractual provision authorizing an award of attorney’s fees and costs to the prevailing party, a court may award attorney’s fees and costs to the prevailing party in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant.”
 

 After being served, Bauer did not terminate her relationship with the employees. Instead, the parties went forward with an evidentiary hearing on the plaintiffs motion for temporary injunction. Following the evidentiary hearing, the circuit court granted the motion and entered a temporary injunction. The injunction, among other things, prohibited Bauer from employing or associating with the employees for two years from their last date of employment with the plaintiff. In compliance with the order, Bauer terminated the employees. Later, the plaintiff and Bauer stipulated to the circuit court converting the temporary injunction into a permanent
 
 *320
 
 injunction as to Bauer and reserving jurisdiction to decide entitlement to, and the amount of, attorney’s fees and costs.
 

 The plaintiff then filed a motion seeking to recover its attorney’s fees and costs from Bauer under section 542.335(l)(k).
 
 [1]
 
 Bauer argued that the plaintiff was not entitled to recover its attorney’s fees from her. However, the circuit court granted the plaintiffs motion. In reaching its decision, the circuit court commented:
 

 It is not the language [of section 542.335(l)(k) ]. A lot has to do with whether or not [Bauer], in effect, stole them. There was testimony about the fact that she knew there was a noncom-pete when they went to work. So the question is whether or not, under the statute of fair and equitable [sic], to hit her up for attorney fees as well.
 

 After holding an evidentiary hearing, at which it determined the amount of the plaintiffs reasonable attorney’s fees and costs, the circuit court entered a final judgment for that amount. Bauer then appealed the judgment to the extent the circuit court found that the plaintiff was entitled to recover its attorney’s fees from her. Our review is
 
 de novo. See Hirschenson v. Hirschenson,
 
 996 So.2d 905, 907 (Fla. 4th DCA 2008) (“[W]hen entitlement to attorney’s fees is based on the interpretation of ... a statute, as a pure matter of law, the appellate court undertakes a
 
 de novo
 
 review.”) (citation omitted).
 

 We hold that the plaintiff was not entitled to recover its attorney’s fees from Bauer. To the extent the circuit court awarded attorney’s fees as a matter of equity, the court erred. “Attorney’s fees cannot be awarded as a matter of equity.”
 
 Attorney’s Title Ins. Fund, Inc. v. Landa-Posada,
 
 984 So.2d 641, 643 (Fla. 3d DCA 2008). “The fundamental rule in Florida is that attorneys’ fees are in derogation of the common law and will only be granted pursuant to a contractual agreement or statutory authority.”
 
 Consol. Ins. Servs. v. Freeman,
 
 848 So.2d 444, 447 (Fla. 4th DCA 2003) (citation omitted).
 

 To the extent the plaintiff sought to recover its attorney’s fees under section 542.335(l)(k), no such statutory authority exists against a third party like Bauer. “In accordance with proper practice in reviewing the provisions of a statute ... we look ‘to the provisions of the whole law’ ... rather than consider various statutory subsections in isolation from one another and out of context.”
 
 Klonis v. Dep’t of Revenue,
 
 766 So.2d 1186, 1189 (Fla. 1st DCA 2000) (citation omitted). Looking to section 542.335 as a whole, we must read subsection (l)(k) in context with subsection (l)(a), which states, “A court shall not enforce a restrictive covenant
 
 unless it is set forth in a writing signed by the person against whom enforcement is sought.”
 
 § 542.335(l)(a), Fla. Stat. (2007) (emphasis added). If a plaintiff cannot enforce a restrictive covenant against a person who did not sign it, then it follows that a plaintiff cannot recover its attorney’s fees from that person either.
 

 Here, Bauer did not sign the restrictive covenant and, therefore, subsection (l)(a) precludes the plaintiff from enforcing the restrictive covenant against her. Because the plaintiff could not enforce the restrictive covenant against Bauer, the circuit court could not order her to pay the plaintiffs attorney’s fees and costs under subsection (l)(k).
 

 Even though section 542.335(l)(a) precludes a plaintiff from enforcing a restrictive covenant against a third party, a
 
 *321
 
 plaintiff still may enjoin a third party who aids and abets the violation of a restrictive covenant. As we have said in the past, “ ‘There is no doubt that a court can enjoin others who were not parties to the non-compete agreement’ as long as they ‘receive notice and have an opportunity to be heard.’ ”
 
 USI Ins. Servs. of Fla. Inc. v. Pettineo,
 
 987 So.2d 763, 767 (Fla. 4th DCA 2008) (citing
 
 Leighton v. First Universal Lending, LLC,
 
 925 So.2d 462, 465 (Fla. 4th DCA 2006));
 
 see also Dad’s Props., Inc. v. Lucas,
 
 545 So.2d 926, 928 (Fla. 2d DCA 1989) (“[individuals and entities may be enjoined from aiding and abetting a cove-nantor in violating a covenant not to compete.”);
 
 W. Shore Rest. Corp. v. Turk,
 
 101 So.2d 123, 129 (Fla.1958) (“[T]he rule that a stranger to a covenant may be enjoined from aiding and assisting the covenanter in violating his covenant is supported by an overwhelming weight of authority.”) (citation omitted).
 

 However, at no time has this court or any other court held that the power to enjoin third parties derives from section 542.335 or its predecessor, section 542.33, Florida Statutes.
 
 [2]
 
 Rather, such power has evolved from the common law in cases such as those just cited. And, as stated above, under the common law, attorney’s fees will be granted only pursuant to a contractual agreement or statutory authority.
 
 Freeman,
 
 848 So.2d at 447 (citation omitted).
 

 The plaintiff raises three alternative arguments supporting its request for attorney’s fees. First, the plaintiff contends that it should be able to recover its attorney’s fees under section 542.335(l)(k) because Bauer sought to
 
 challenge
 
 the restrictive covenant. However, subsection (l)(k) requires that there be an
 
 “action ...
 
 challenging the enforceability” of a restrictive covenant before recovery can be had (emphasis added). Here, Bauer did not file any action or counterclaim challenging the enforceability of the restrictive covenant. Rather, she defended an action which the plaintiff brought against her.
 

 Second, the plaintiff argues that, according to section 542.16, Florida Statutes (2007), section 542.335(l)(k) should “be liberally construed to accomplish its beneficial purpose.” However, this incomplete excerpt from section 542.16 distorts the Legislature’s stated purpose. Section 542.16’s complete language states:
 

 The Legislature declares it to be the pui’pose of [the Florida Antitrust Act]
 
 to complement the body of federal law prohibiting restraints of trade or commerce in order to foster effective competition.
 
 It is the intent of the Legislature that this act be liberally construed to accomplish its beneficial purpose.
 

 § 542.16, Fla. Stat. (2007) (emphasis added). Enforcing section 542.335(l)(k) against third parties would not serve the Legislature’s purpose as quoted above.
 

 Third, the plaintiff contends that applying section 542.335(l)(k) to third parties is dictated by the public policy stated in section 542.335(l)(h):
 

 A court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement. A court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract.
 

 
 *322
 
 § 542.335(l)(h), Fla. Stat. (2007). However, subsection (l)(h) does not apply here because it refers to construing the restrictive covenant, not section 542.335(l)(k) or any other portion of the statute.
 

 If anything, Florida law requires this court to strictly construe section 542.335(l)(k).
 
 See Freeman,
 
 848 So.2d at 447 (“Any statute allowing an award of fees will be strictly construed”) (citation omitted). Strictly construing subsection (l)(k) in context with subsection (l)(a)’s plain language results in a finding that the Legislature intended to obligate the payment of attorney’s fees only between the parties to restrictive covenants in which such provisions were absent. If the Legislature also intended to obligate third parties to pay attorney’s fees for aiding and abetting violations of restrictive covenants, it was up to the Legislature to say so.
 
 See Germ v. St. Luke’s Hosp. Ass’n,
 
 993 So.2d 576, 578 (Fla. 1st DCA 2008) (“Courts should give statutory language its plain and ordinary meaning, and may not add words that were not included by the legislature.”).
 

 In their briefs, the parties have identified one decision which facially contains a contrary result. In
 
 Sun Group Enterprises, Inc. v. DeWitte,
 
 890 So.2d 410 (Fla. 5th DCA 2004), a plaintiff unsuccessfully sought to enforce a restrictive covenant against defecting employees and their subsequent employer.
 
 Id.
 
 at 412. The Fifth District granted appellate attorney’s fees under section 542.335(l)(k) to the employees and the subsequent employer, even though the subsequent employer did not sign the restrictive covenant.
 
 Id.
 
 The Fifth District did not provide any reasoning to support its decision or indicate whether the plaintiff contested the issue. We certify conflict with
 
 Sun Group.
 

 Reversed as to judgment for attorney’s fees against appellant.
 

 DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . The plaintiff also relied on section 57.041, Florida Statutes, for its costs request.
 

 [2]
 

 . In 1996, the Legislature significantly rewrote section 542.33 as new section 542.335. Section 542.33 continued to govern restrictive covenants entered before July 1, 1996, while section 542.335 governed restrictive covenants entered on or after that date.