PER CURIAM.
Yagnabala Patel, DDS, appeals the order dismissing with prejudice Count II of her complaint against Thomas Cheng, DMD. Count II alleged Cheng’s breach of a restrictive covenant in the Provider Agreement entered into between Cheng and David Boers, DDS. Patel was attempting to enforce the restrictive covenant based on the assertion that Boers had assigned the Provider Agreement to her. The trial court ruled that dismissal with prejudice was appropriate because the restrictive covenant in the Provider Agreement was not properly assigned to Patel as required by section 542.335(l)(f), Florida Statutes (2006), and therefore Patel could not seek enforcement of the restrictive covenant against Cheng via injunctive relief. We disagree and reverse.[1]
The Provider Agreement that Patel is attempting to enforce was entered into between Boers and Cheng as the culmination of Boers’ efforts to bring another dentist into his Ocoee dental practice. After Boers became convinced that Cheng would be a good fit in his practice, Boers entered *381 into the 2008 Provider Agreement with Cheng to memorialize both parties’ rights and obligations. That Provider Agreement contained the restrictive covenant at issue — a noncompete agreement whereby Cheng agreed not to compete with the practice for a specified time in a specified location. The specific terms and conditions of the noncompete agreement are not at issue in this appeal.
The Provider Agreement also contained a general assignment clause whereby Cheng and Boers “specifically agreed that the mutual and reciprocal covenants and agreements, rights and obligations contained in this Provider Agreement are assignable only by [Boers].” Boers subsequently sold his dental practice to Patel and assigned the Provider Agreement containing the restrictive covenant to her. The bill of sale entered into between Boers and Patel provided that Boers “does hereby sell ... assign and convey unto Yagna-bala K Patel ... all Seller’s right, title and interest in and to all of the Assets (as defined in the Attached Asset Purchase Agreement) ...” An addendum to the Asset Purchase Agreement provided, in pertinent part, that “Seller agrees to transfer the professional employee contract (Provider Agreement) between Seller and Thomas Cheng.... ” The closing took place in July 2007, and Cheng continued to work for Patel for almost a year after she purchased Boers’ dental practice. When things did not go well between Cheng and Patel, Cheng left Patel’s employment. Patel subsequently initiated the underlying litigation, claiming in Count II of the complaint that Cheng had committed numerous violations of the restrictive covenant’s noncompete provision and seeking enforcement through injunctive relief.
Cheng filed a motion to dismiss the injunction claim, arguing that Patel lacked standing to enforce the restrictive covenant because the Provider Agreement did not comply with the requirements of section 542.335(l)(f)(2), Florida Statutes (2006). That statute specifically provides:
542.335 Valid restraints of trade or commerce.—
[[Image here]]
[ (1) ](f) The court shall not refuse enforcement of a restrictive covenant on the ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided:
* * *
2. In the case of an assignee or successor, the restrictive covenant expressly authorized enforcement by a party’s as-signee or successor.
The trial court granted the motion to dismiss with prejudice reasoning that the restrictive covenant contained in the Provider Agreement did not contain language that “expressly authorized enforcement” by an assignee. Essentially, the trial court held that restrictive covenants can only be enforced by an assignee if the requisite statutory language is included in the covenants. We disagree.
The assignment language contained in the instant Provider Agreement is sufficient to constitute an express authorization of enforcement by an assignee or successor as required by the statute. See Price v. RLI Ins. Co., 914 So.2d 1010, 1013-14 (Fla. 5th DCA 2005) (explaining that an assignment is a transfer of all the interests and rights to the thing assigned and that the assignee stands in the shoes of the assignor and may enforce the contract against the original obligor).
Accordingly, the trial court erred in dismissing with prejudice Count II of Patel’s complaint seeking injunctive relief.
*382 REVERSED and REMANDED for further proceedings.
ORFINGER, C.J., PALMER, J., concur.
AWAYA, J., concurs in result only.

. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B) which authorizes appeals from nonfinal orders that “grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions.”