WOLF, J.,
Dissenting.
The trial court was correct in determining that appellant, assignee of the non-compete agreements, could not enforce the covenants against its predecessor’s employees, the appellees. The majority’s holding that the non-compete provision was enforceable by an assignee without language expressly authorizing such enforcement ignores the unambiguous language in section 542.335(l)(f), Florida Statutes. I, therefore, dissent.
The employment contracts at issue were entered into after July 1, 1996. They all contain non-compete provisions. Nowhere within the non-compete provisions is there any language, either expressly or implicitly, referring to assign *941 ment of the restrictive covenant. Near the end of the contracts, totally separate from the non-compete provision, is a short general assignment provision which reads, “Company’s rights and obligations under this Agreement shall inure to the benefit of and be binding upon Company’s assigns and successors.” No reference is made to assignment of the non-compete restriction within this general assignment provision or anywhere else in the contract.
Contracts entered into after July 1, 1996, are governed by section 542.335(l)(f), which states:
(f) The court shall not refuse enforcement of a restrictive covenant on the ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided:
1. In the case of a third-party beneficiary, the restrictive covenant expressly identified the person as a third-party beneficiary of the contract and expressly stated that the restrictive covenant was intended for the benefit of such person.
2. In the case of an assignee or successor, the restrictive covenant expressly authorized enforcement by a party’s assignee or successor.
(Emphasis added). The emphasized language attempts to balance the legitimate business interests of the employers and the rights of the employees to make informed decisions concerning future restrictions on their careers. Section 542.335(l)(f) superceded prior law. Therefore, contracts must contain express language notifying the employee of the right to assign the restrictive covenant for the rights to be assignable. A general assignment clause does not meet this requirement.
Few cases have discussed whether a general provision that an employment contract may be assigned meets the requirement of section 542.335(l)(f) that a “restrictive covenant expressly authorize[ ] enforcement by a party’s assignee.”
In Sun Group Enterprises, Inc. v. De-Witte, 890 So.2d 410 (Fla. 5th DCA 2004), the Fifth District considered whether employment contracts that were entered into after July 1,1996, could be assigned, along with their non-compete provisions. Because the contracts were entered into after July 1, 1996, section 542.335 should have applied. Sun Group discussed section 542.335 as it related to attorney’s fees in that case, but failed to discuss the language of section 542.335(l)(f) concerning the assignment of the non-compete provisions. Id. at 411-12. Sun Group relied entirely on Corporate Express Office Products, Inc. v. Phillips, 847 So.2d 406 (Fla. 2003), for the proposition that the employees’ consent was necessary for an assignment. Id. at 411. The Sun Group court found in that case, there was “no evidence” that the employees consented to the assignment of their personal service contracts. Id. at 412.
More recently in Patel v. Boers, 68 So.3d 380 (Fla. 5th DCA 2011), the Fifth District addressed the issue before us. In Patel, a personal service contract contained a non-compete provision, and it “also contained a general assignment clause whereby [the employee] ‘specifically agreed that the mutual and reciprocal covenants and agreements, rights and obligations contained in this Provider Agreement are assignable.’ ” Id. at 381. The trial court found this language was insufficient because under *942 section 542.3S5(l)(f), “restrictive covenants can only be enforced by an assignee if the requisite statutory language is included in the covenants.” Id. The Fifth District disagreed, finding “[t]he assignment language contained in the instant Provider Agreement is sufficient to constitute an express authorization of enforcement by an assign-ee or successor as required by the statute.” Id. Patel relied on Price v. RLI Insurance Co., 914 So.2d 1010, 1013-14 (Fla. 5th DCA 2005), for the proposition that “an assignment is a transfer of all the interests and rights to the thing assigned and that the assignee stands in the shoes of the assignor and may enforce the contract against the original obligor.” Patel, 68 So.3d at 381. The Patel court based its decision on the general definition of an assignment but failed to address the specific requirements of section 542.335. The failure of the Patel court to address the statutory language is problematic. In Patel, as here, the restrictive covenant does not expressly authorize enforcement by a party's assignee or successor. Neither the Patel court nor the majority in this case should be free to ignore the policy choice made by the Legislature, that an employee must be specifically informed of the right to assign the non-compete provision.