# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1980
Lower Tribunal No. 15-13
_____

**City of Miami Beach, Florida, etc.,**
Petitioner,

vs.

**John Deutzman,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Gill S. Freeman, Bertila Soto, Thomas J. Rebull, Judges.

Raul J. Aguila, City Attorney, and Aleksandr Boksner, First Assistant City Attorney, for petitioner.

John Deutzman, in proper person.

Before SHEPHERD, EMAS, and LOGUE, JJ.

LOGUE, J.

The City of Miami Beach seeks certiorari review of an order by the circuit court in its appellate capacity, which awarded attorneys' fees to Respondent.[1] The

order was the first ruling on the question of attorneys' fees. Properly viewed, our proceeding is not the second, but rather the first tier of appellate review. See Ramirez v. United Auto. Ins. Co., 67 So. 3d 1174, 1175-76 (Fla. 3d DCA 2011) ("Because the order denying appellate fees was the first ruling on the question, we do not think that, properly viewed, this proceeding is the second, but rather the first tier of appellate review . . . ."). We have jurisdiction. See Mejia v. United Auto. Ins. Co., 83 So. 3d 897, 898 (Fla. 3d DCA 2012) (using first-tier certiorari review to quash an appellate circuit court's order granting attorneys' fees).

Attorneys' fees cannot be awarded as a matter of equity. Attorney's Title Ins. Fund, Inc. v. Landa-Posada, 984 So. 2d 641, 643 (Fla. 3d DCA 2008). "Generally, a court may only award attorney's fees when such fees are expressly provided for by statute, rule, or contract." Bane v. Bane, 775 So. 2d 938, 940 (Fla. 2000) (quotation and citation omitted). Attorneys' fees may also be awarded in appropriate circumstances as a sanction. Moakley v. Smallwood, 826 So. 2d 221, 227 (Fla. 2002); Landa-Posada, 984 So. 2d at 643.

In this case, the circuit court did not state a basis for awarding attorneys' fees. Nor did Respondent in his motion for fees. Without any basis for awarding the fees, the circuit court departed from the essential requirements of the law. See State, Dep't of Highway Safety & Motor Vehicles v. Trauth, 971 So. 2d 906, 908

---

[1] The City does not seek certiorari review of the portion of the order awarding costs.

(Fla. 3d DCA 2007) ("An award of appellate attorneys' fees must be supported by a particular contractual, statutory, or other substantive basis. Because the circuit court appellate panel failed to state any basis for awarding attorneys' fees, other than [Florida Rule of Appellate Procedure] 9.400, the attorneys' fee award cannot stand.") (internal citation omitted). We therefore grant the petition and quash the portion of the order awarding attorneys' fees.

Petition granted; order quashed in part.