IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAY SIMON, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT SIMON,

     Appellant,

v.

     Case No. 5D17-3355

RICHARD WATERS,

     Appellee.

_____/

Opinion filed August 10, 2018

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Eric W. Ludwig, Orlando, of the Law Office
of Eric W. Ludwig, for Appellant.

Christopher R. Turner, of Christopher R.
Turner, PLLC, Orlando, for Appellee.


ROBERSON, E.C., Associate Judge.

Generally, a court cannot award attorney fees unless "expressly provided for by statute, rule, or contract."[1] *Hubbel v. Aetna Cas. & Sur. Co.*, 758 So. 2d 94, 97 (Fla. 2000). It follows, then, that a court cannot use an equitable remedy to indirectly assess

---

[1] There are certain extraordinary circumstances, not present here, such as bad faith conduct or civil contempt, that deviate from this general rule as a sanction. *See, e.g., Dep't of Child. & Fam. Servs. v. J.B.*, 898 So. 2d 980, 981 (Fla. 5th DCA 2005) (citing *Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998)).

attorney fees where it cannot do so directly. Accordingly, we reverse the trial court's imposition of an equitable lien consisting almost entirely of Appellee's attorney fees in *unsuccessfully* defending the claims below.

This lawsuit involves a dispute as to the ownership of property located in Orlando, Florida (the "Property"). Robert and Henrietta Simon, husband and wife, owned the Property. In 2006, they executed a Special Warranty Deed retaining a life estate for themselves then passing title to their two children, Jay Simon and Janice Simon Waters, as "equal tenants in common."

Henrietta predeceased Robert, who passed away in 2011. Jay Simon was named the Personal Representative of Robert Simon's Estate because Janice Simon Waters passed away in 2009. Her husband, the Appellee, found the Special Warranty Deed in 2010 but did not assert a claim under it after Robert Simon passed away. Appellee ultimately obtained an Order of Summary Administration awarding him Janice Simon Water's interest in the Property through her will and the Special Warranty Deed.

Jay Simon, in his capacity as Personal Representative of the Estate of Robert Simon (the "Estate"), sued to nullify the Special Warranty Deed. The Estate argued, and the trial court agreed, that Henrietta Simon "was incapable of comprehending the nature and effect of the [Special Warranty Deed] as the result of mental infirmity." Because Janice Simon Waters died before her father, Jay Simon was the only living heir when Robert Simon passed away and thus was the sole beneficiary of the Estate.

While vacating the Special Warranty Deed,[2] the trial court found that "the parties [were] entitled to reversion to status quo prior to its execution."[3]  Appellee then filed a Motion for Summary Judgment, along with an affidavit, for damages that would return him to the status quo.  The motion sought, through an award of attorney fees or an equitable lien, a total of $76,892.73.  That amount consisted of $75,094.23 in attorney fees spent in this lawsuit and $1,798.50 in fees for the summary administration proceedings.

The trial court granted the motion and awarded Appellee an equitable lien for $76,892.73 encumbering the Property.  The trial court rejected Appellee's claim for an award of attorney fees by correctly noting that "fees cannot be awarded as a matter of equity."  In addressing the request for an equitable lien, however, the court found it appropriate based on the "'general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case.' *See Jones v. Carpenter*, 106 So. 127, 129 (Fla. 1925)."  The Estate timely appealed.

The facts pertaining to the equitable lien are undisputed.  As such, we review the question of law that arises from those undisputed facts *de novo*.  *CTX Mortg. Co., LLC v. Advantage Builders of Am., Inc.*, 47 So. 3d 844, 846 (Fla. 2d DCA 2010) (citing *Kirton v. Fields*, 997 So. 2d 349, 352 (Fla. 2008)).

The Estate's argument is straightforward and well taken.  A court can only award attorney fees when authorized by statute, rule, or contract.  *Hubbel*, 758 So. 2d at 97.  The trial court cited many of the cases so holding.  *See, e.g.*, *Bane v. Bane*, 775 So. 2d

---

[2] Appellee has not appealed the order vacating the Special Warranty Deed.

[3] The trial court was referring to a requirement of rescission.  *See Royal v. Parado*, 462 So. 2d 849, 855 (Fla. 1st DCA 1985).

938, 940 (Fla. 2000); *City of Miami Beach v. Deutzman*, 180 So. 3d 245, 246 (Fla. 3d DCA 2015); *Bauer v. DILIB, Inc.*, 16 So. 3d 318, 320 (Fla. 4th DCA 2009); *Attorney's Title Ins. Fund, Inc. v. Landa-Posada*, 984 So. 2d 641, 643 (Fla. 3d DCA 2008). It is a natural corollary that a court may not utilize general, amorphous notions of equity to circumvent such a well-established rule. Neither Appellee nor this Court's own research has revealed a case approving an equitable lien awarding attorney fees to a non-prevailing party. We decline Appellee's invitation to create another avenue for courts to award attorney fees.

REVERSED and REMANDED.

EVANDER and EISNAUGLE, JJ., concur.

4