# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1543
Lower Tribunal No. 22-950-CA-01
_____

## The Hertz Corporation,
Appellant,

vs.

## Auto Club Group, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Luks, Santaniello, Petrillo Cohen & Peterfriend, and Edgardo Ferreyra and Scott D. Kirschbaum, for appellant.

Milber, Makris, Plousadis & Seiden, LLP, and Crystal L. Arocha and Michael J. Lynott, for appellees.

Before SCALES, C.J., and LOGUE and MILLER, JJ.

SCALES, C.J.

Defendant/third-party plaintiff below, The Hertz Corporation ("Hertz"), appeals an August 19, 2024 final judgment dismissing with prejudice Hertz's Amended Third-Party Complaint against The American Automobile Association (Incorporated) ("AAA") and Auto Club Group, Inc. ("ACG").[1] We reverse the challenged judgment because the trial court erred in determining that, pursuant to the law of the case doctrine, this Court's per curiam affirmance ("PCA") in Otero v. The American Automobile Association (Incorporated), 388 So. 3d 1002 (Fla. 3d DCA 2024) ("Otero") bars Hertz's third-party claims against AAA and ACG.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A. Roy Otero's Personal Injury Lawsuit[2]

On July 29, 2021, the renter of a Hertz rental car parked on the shoulder of the Julia Tuttle Causeway in Miami, Florida to go jet skiing. The renter lost the keys to the rental car while jet skiing and notified Hertz of the vehicle's location. Pursuant to a Roadside Assistance Program agreement

---

[1] We have jurisdiction. See Fla. R. App. P. 9.110(k); Del Castillo v. Ralor Pharmacy, Inc., 512 So. 2d 315, 318 (Fla. 3d DCA 1987) ("There is no question that the order dismissing the third-party complaint, which finally disposed of the action as to the third-party defendant Alonso, was a final, appealable judgment as to him. It was therefore reviewable only by timely appeal within 30 days of the order itself.") (citations omitted).

[2] The relevant facts are set forth in plaintiff, Roy Otero's operative Second Amended Complaint.

("RAP Agreement") between Hertz and AAA, Hertz contacted AAA to have the rental car towed. AAA, in turn, sent the towing assignment to its local affiliate, ACG, that then dispatched a local towing company to tow the rental car. The towing company initially represented that it did tow the vehicle. But the towing company did not tow the rental car from the shoulder of the causeway, and it remained there until August 4, 2021, when plaintiff Roy Otero was injured after he lost control of his vehicle, which spun and collided with the rental car.

Alleging that the rental car had been parked and then abandoned on the shoulder of the causeway in violation of section 316.1945(1)(a)(11) of the Florida Statutes (2021), Otero filed the instant, personal injury action in the Miami-Dade County circuit court against Hertz, AAA, ACG, and the towing company, raising various claims sounding in negligence.[3] As to AAA and ACG, Otero's operative Second Amended Complaint alleged that AAA and ACG owed him a duty of care based upon the common law undertaker's doctrine – i.e., AAA and ACG both "undertook the duty to use reasonable care in removing the abandoned [rental car] from the roadway."

---

[3] The trial court entered a default against the towing company for failing to file a responsive pleading.

AAA and ACG moved to dismiss Otero's negligence claims against them arguing, in part, that they owed Otero no legal duty of care. The trial court agreed and entered an April 28, 2023 final judgment dismissing, with prejudice, Otero's negligence claims against AAA and ACG ("Dismissal Judgment"). The Dismissal Judgment states simply that "[t]his Court finds that there is no legal duty owed by the Defendants AAA and ACG to [Otero], and the undertaker's doctrine does not apply under the facts of [Otero's] Second Amended Complaint."

Otero timely appealed the Dismissal Judgment. In appellate case number 3D23-0308, this Court issued a citation PCA (Otero), citing two cases with parentheticals explaining that duty is a threshold legal question for the court in a negligence action.

*B. Hertz's Amended Third-Party Complaint*

Following our affirmance of the Dismissal Judgment, Hertz then filed a third-party complaint against AAA and ACG. Relying upon its RAP Agreement with AAA, wherein AAA contracted to tow Hertz's rental vehicles, Hertz's operative Amended Third-Party Complaint alleges contractual claims against AAA for indemnification (count I), duty to defend (count II), and breach of contract (count III). Hertz relies upon an indemnification clause from the RAP Agreement, that provides in relevant part, as follows:

4

> AAA agrees to defend, indemnify and hold harmless Hertz . . . from and against any and all . . . claims, demands, suits, causes of action, settlement, losses, liabilities, damages, expenses and costs (including without limitation reasonable attorney's fees and investigative costs) incurred by [Hertz] resulting from a third party claim or cause of action *arising out of AAA's failure to perform* or negligence in *its* performance or *obligations under this Agreement, including* but not limited to misrepresentations, *acts or omissions made by AAA,* any of its employees, agents, independent contractors*, and/or member clubs.*

(Emphasis added). Alleging that Hertz is an intended third-party beneficiary to the towing agreement between AAA and ACG, Hertz alleges a breach of contract claim (count IV) against ACG.

AAA and ACG moved to dismiss Hertz's Amended Third-Party Complaint below based on the law of the case doctrine, reasoning that because this Court's <u>Otero</u> decision established that AAA and ACG owed no legal duty of care to Otero – thus, precluding Otero from prevailing on his negligence claims against AAA and ACG – Hertz could not recover on its contractual claims against AAA and ACG. The trial court ultimately agreed with AAA and ACG and entered the challenged August 19, 2024 judgment that, for the reasons stated by the court at an August 8, 2024 hearing, dismisses, with prejudice, Hertz's Third-Party Complaint. As explained by the trial court at the August 8, 2024 hearing:

> The issue of whether AAA and/or ACG was negligent in their failure to tow the car . . . the Third District Court was clear that there was no duty that existed, and, therefore, negligence cannot

5

stand absent such duty and [Hertz's third-party] claims for breach, duty to defend, indemnity . . . under the contract would arise from the negligence of AAA or ACG, and that simply cannot stand in light of the law of this case. So, therefore, all claims must be dismissed against AAA and ACG with prejudice.

Hertz timely appealed the final judgment.

## II.    ANALYSIS[4]

### A. Florida's Law of the Case Doctrine

The law of the case doctrine provides that "rulings on questions of law "*actually presented and considered* on a former appeal" govern the case throughout the remainder of the litigation. SC Mota Assocs. Ltd. P'ship v. Mota Pizza Rustica Corp., 358 So. 3d 823, 826 (Fla. 3d DCA 2023) (quoting Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 106 (Fla. 2001)). This includes issues that were "implicitly addressed or necessarily considered" by the appellate court in reaching its decision. City of Hollywood v. Witt, 939 So. 2d 315, 318 (Fla. 4th DCA 2006). Put another way, "whatever is once established between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case." TRW Auto. U.S. LLC v. Papandopoles, 949 So. 2d 297, 300 (Fla. 4th

---

[4] "Whether the law of the case doctrine applies is a question of law, and therefore our standard of review is de novo." Pompano Masonry Corp. v. Anastasi, 125 So. 3d 210, 212 (Fla. 4th DCA 2013).

6

DCA 2007) (quoting Alford v. Summerlin, 423 So. 2d 482, 485 (Fla. 1st DCA 1982)). As it pertains to an appellate court's per curiam decision that "consists only of citations of authority without further explanation" – i.e., a citation PCA – the appellate decision determines all issues necessarily involved in adjudicating the appeal, regardless of whether the issues are mentioned in the cited authority. New England Ins. Co. v. Int'l Bank of Miami, N.A., 537 So. 2d 1025, 1025 (Fla. 3d DCA 1988).

### B. Application of the Doctrine to this Case

Here, the parties do not dispute that, under the law of the case doctrine, Otero cannot now seek to hold AAA and ACG liable in negligence for failing to tow the rental car. Indeed, this Court's Otero decision affirmed the Dismissal Judgment that found AAA and ACG owed Otero no duty of care under the undertaker's doctrine. The parties dispute, though, the import of our Otero decision on Hertz's ability to bring the instant third-party claims against AAA and ACG. Given that Otero cannot now sue AAA and ACG for negligence, the trial court ultimately found that Hertz's third-party claims are barred by the law of the case doctrine because Hertz's third-party claims purportedly "arise from the negligence of AAA and ACG." We disagree.

7

Hertz's third-party claims seek to hold AAA and ACG liable for their failure to perform their contractual obligations to have the rental car towed. Rather than arising from negligence, Hertz's claims are grounded on the RAP Agreement's indemnification clause, which provides that "AAA agrees to defend, indemnify and hold harmless Hertz . . . from and against any and all . . . causes of action arising out of AAA's failure to perform . . . under this Agreement, including . . . acts or omissions made by AAA . . . and/or member clubs[.]" And Hertz's claim for breach of contract against ACG arises from ACG's alleged failure to perform under its towing agreement with AAA, to which Hertz is allegedly a third-party beneficiary.

Hertz's third-party claims sound *in contract*, not in negligence, and the legal relationship between Hertz, AAA and ACG was not an issue that was actually presented and considered by this Court when it reviewed the Dismissal Judgment in <u>Otero</u>. Nor was it an issue that was implicitly or necessarily considered by this Court when it reached its determination in <u>Otero</u>. The *only* issue presented to this Court in <u>Otero</u> was whether the trial court erred in determining that neither AAA nor ACG owed a legal duty of care to Otero, an issue which has no bearing on AAA and ACG's alleged contractual obligations to Hertz. For these reasons, we conclude that the trial court misapplied the law of the case doctrine below and we, therefore, are

8

compelled to reverse. See Consol. Ins. Servs. v. Freeman, 848 So. 2d 444, 446-47 (Fla. 4th DCA 2003) ("Consolidated argues that this court's opinion in the declaratory judgment action established the law of the case for Davis' negligent procurement action. This argument misapprehends the 'law of the case' doctrine, which merely provides that questions of law decided on appeal must govern all subsequent proceedings in the case. The issue adjudicated in Consolidated's declaratory judgment, and resolved in the appeal, was the legal relationship between Consolidated and NIC, not the relationship between Consolidated and Bethel or Davis. . . . The opinion is binding only as to the relationship between NIC and Consolidated. The opinion did not address the relationship between Bethel and Consolidated, which forms the basis of the negligent procurement action.") (citation omitted).

Accordingly, we reverse the August 19, 2024 final judgment and remand for further proceedings.[5]

Reversed and remanded.

---

[5] We express no opinion on the merits of Hertz's third-party claims or any potential defenses AAA and ACG may have to those claims.